JOHN P. LAWTON, II, EMPLOYEE/APPELLANT v. THE COUNTY OF DURHAM, EMPLOYER-APPELLEE (SELF-INSURED)

No. 8610IC1045

(Filed 5 May 1987)

1. **Master and Servant § 90— workers' compensation—notice to employer of accident**

   A workers' compensation proceeding must be remanded for additional findings where the Commission made no findings as to whether plaintiff's failure immediately to realize the nature and seriousness of his injury constituted a reasonable excuse for failing to give notice of the accident to his employer within 30 days.

2. **Master and Servant § 90— workers' compensation—time for giving notice to employer of accident**

   There was no merit to plaintiff's contention in a workers' compensation proceeding that the 30-day time period of N.C.G.S. § 97-22 requiring notice to

Lawton v. County of Durham

the employer of an accident does not begin to run until the employee realizes the nature, seriousness, and compensable character of the injury.

APPEAL by plaintiff-employee from the opinion and award of the North Carolina Industrial Commission, filed 5 June 1986. Heard in the Court of Appeals 3 March 1987.

This is a workers' compensation case in which plaintiff was denied benefits on the grounds that he failed to timely notify his employer of the accident. The evidence before the Industrial Commission showed that defendant employed plaintiff as a deputy sheriff. On 5 June 1984, while participating in an "agility course" for the county's sheriff's department, plaintiff felt a weakness and a burning sensation in his right knee. Plaintiff told his supervisor that his knee prevented him from continuing the course and he was excused from further participation. Plaintiff returned to work the following day, despite pain in the knee. On 31 August 1984 plaintiff first sought medical treatment for the injury. His physician, Dr. Richard F. Bruch, diagnosed the injury as a ruptured tendon. Dr. Bruch prescribed exercise for the knee and told plaintiff to return for further evaluation to discuss possible surgery. Previously plaintiff had had surgery on both knees, the left one in 1970 and the right one in 1972. Defendant was aware of plaintiff's preexisting knee problems.

In late October 1984, while plaintiff was being treated for a minor, unrelated accident, defendant told him that his knee injury was not compensable. On 6 November 1984, at defendant's request, plaintiff submitted a written report of his 5 June 1984 accident. Defendant denied his claim for workers' compensation benefits as untimely. During this time, plaintiff had continued to see Dr. Bruch, who by late October had recommended surgery. On 6 December 1984, plaintiff underwent surgery on the knee. He did not return to work until 17 June 1985.

The Industrial Commission found that plaintiff's knee injury was caused by an accident arising out of and in the course of his employment. The Commission also found, however, that plaintiff did not give his employer written notice of the accident within 30 days, that plaintiff did not have a reasonable excuse for failing to do so, and that defendant did not have actual notice of the accident. Therefore, the Commission concluded that plaintiff's claim was barred by G.S. 97-22. Claimant appeals.

*Archie L. Smith, III, and William J. Riley, for the plaintiff-appellant.*

*Durham County Attorney Russell Odom, by Assistant County Attorney James W. Swindell, for the defendant-appellee.*

EAGLES, Judge.

By failing to comply with the Rules of Appellate Procedure, plaintiff has subjected his appeal to dismissal. Provisions of Rules 9 and 10 require that exceptions be noted in the record immediately following the particular judicial action complained of, that those exceptions again be set out at the end of the record, and that they be made the subject of stated assignment(s) of error. Rule 28(b)(5) requires that the appropriate exceptions and assignments of error be referred to after each question submitted in the brief. Plaintiff failed to note any exceptions or make any assignments of error. While failure to follow the Rules of Appellate Procedure subjects an appeal to dismissal, *Wiseman v. Wiseman,* 68 N.C. App. 252, 314 S.E. 2d 566 (1984), in our discretion pursuant to Rule 2, we will, nevertheless, address the merits of plaintiff's appeal.

[1]   G.S. 97-22 provides that an employee must give written notice to his employer "immediately on the occurrence of an accident, or as soon thereafter as practicable." The statute further provides that:

> [N]o compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby. G.S. 97-22.

Plaintiff argues that, because of his previous knee problems, he was unaware of the nature and seriousness of his 5 June 1984 injury. Consequently, plaintiff contends that the Commission should have found he had a reasonable excuse for failing to give notice within 30 days of the accident. We find that the Commission's findings of fact are insufficient for us to determine the rights of the parties. Therefore, this case must be remanded.

---

---

On the question of whether plaintiff had a reasonable excuse for failing to timely give notice of his accident, the Commission made the following finding of fact:

> 6. Plaintiff did not give written notice of his injury within 30 days thereafter, nor did his employer have actual notice of the injury. He did not have reasonable excuse for failing to report the injury. It was not reasonable under the circumstances for him to assume that his supervising officers saw him sustain an injury.

It appears that the Commission's conclusion that plaintiff lacked reasonable excuse was based on its finding that it was not reasonable for plaintiff to believe that defendant already had notice of the accident. The Commission's order did not address plaintiff's contention that he had a reasonable excuse because he did not recognize the nature and seriousness of his injury until he was informed that he would have to undergo surgery.

While the Industrial Commission is not required to make specific findings of fact on every issue raised by the evidence, it is required to make findings on crucial facts upon which the right to compensation depends. *Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 235 S.E. 2d 856 (1977). Specific findings on crucial issues are necessary if the reviewing court is to ascertain whether the findings of fact are supported by competent evidence and whether the findings support the conclusion of law. *Barnes v. O'Berry Center*, 55 N.C. App. 244, 284 S.E. 2d 716 (1981). Where the findings are insufficient to enable the court to determine the rights of the parties, the case must be remanded to the Commission for proper findings of fact. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981). While a belief that one's employer is already cognizant of the accident may serve as "reasonable excuse" under G.S. 97-22, *see Key v. Woodcraft, Inc.*, 33 N.C. App. 310, 235 S.E. 2d 254 (1977), it is not the only basis for establishing reasonable excuse. The question of whether an employee has shown reasonable excuse depends on the reasonableness of his conduct under the circumstances. Where the employee does not reasonably know of the nature, seriousness, or probable compensable character of his injury and delays notification only until he reasonably knows, he has established "reasonable excuse" as that term is used in G.S. 97-22. *See generally* 3 Larson, *The Law of*

---

---

*Workmen's Compensation*, Section 78.40 (1983). Though plaintiff testified that he did not immediately realize the nature and seriousness of his injury, the Commission made no findings whether, under the circumstances, that constituted a reasonable excuse. Accordingly, this case must be remanded for additional findings.

[2] Alternatively, plaintiff has argued that the 30 day time period in the statute does not begin to run until the employee realizes the nature, seriousness, and compensable character of the injury. A plain reading of the statute requires us to reject that argument. The statute is unambiguous in stating that "no compensation shall be payable unless such written notice is given within 30 days after the *occurrence of the accident* . . ." [emphasis added]. Moreover, in *Whitted v. Palmer-Bee Co.*, 228 N.C. 447, 46 S.E. 2d 109 (1948), our Supreme Court rejected that very argument in interpreting the analogous time provision for making a claim under G.S. 97-24.

By cross-appeal pursuant to Rules 10(d) and 28(c) of our Rules of Appellate Procedure, defendant has attempted to challenge the Commission's finding that plaintiff sustained an injury by accident. Although defendant too has failed to set out the applicable exception and make the required assignment of error, since we addressed the merits of plaintiff's appeal, we will address defendant's argument.

Defendant contends that the evidence is inadequate to support the Commission's finding. We disagree. An examination of the record reveals competent evidence to support a finding that plaintiff's injury was the result of an accident arising out of and in the course of his employment. Since findings of fact are conclusive on appeal when supported by competent evidence, *Taylor v. Cone Mills*, 306 N.C. 314, 293 S.E. 2d 189 (1982), defendant's argument is without merit.

Remanded.

Judges JOHNSON and ORR concur.