The majority in the present case erred in finding that plaintiff failed to give proper notice to defendants of her work-related accident, pursuant to N.C. Gen. Stat. § 97-22. The undersigned finds that the testimony of Pearlie Drye, plaintiff's supervisor, shows that Ms. Drye was present when the accident at issue occurred and that plaintiff gave actual notice of her accident to Ms. Drye. The failure of Ms. Drye to report the incident further should not be grounds to deny plaintiff's claim. Because defendants had actual knowledge of plaintiff's work-related injury, plaintiff's failure to give written notice of her claim did not bar her claim for compensation. See Chilton v. Bowman GraySchool of Medicine, 45 N.C. App. 13, 262 S.E.2d 347 (1980) (holding that faculty member's failure to file a written claim did not bar his claim for compensation when several members of the faculty and the dean of the school knew of plaintiff's injury).
Further, in order for a claim to be barred under N.C. Gen. Stat. § 97-22, defendants must show that they were prejudiced by plaintiff's failure to give notice. Westbrook v. Bowes, 130 N.C. App. 517, 503 S.E.2d 409
(1998). In the instant case, defendants have not produced sufficient evidence that they were prejudiced in any way. According to the record, plaintiff's claim was filed on or about May 8, 2002, a little over four months after plaintiff's injury. Defendants have failed to show any prejudice by such delay.
In the alternative, even if defendants did not have actual notice of plaintiff's injury prior to receiving written notice, given the nature of plaintiff's injury and her pre-existing back condition, plaintiff's failure to give written notice within 30 days is reasonably excused because plaintiff did not reasonably know of the nature, seriousness, or probable compensable character of her injury until after extensive treatment with her treating physicians. See Lawton v. County of Durham,85 N.C. App. 589, 355 S.E.2d 158 (1987).
Thus, the majority in the present case erred in finding that plaintiff failed to give proper notice to her employer of her work-related accident, pursuant to N.C. Gen. Stat. § 97-22, when the evidence of record shows that plaintiff gave actual notice of her injury to defendants prior to the written notice, that defendants were not prejudiced by the delay in written notice, and that plaintiff was not reasonably aware of the nature, seriousness, and probable compensable nature of her injury until after further treatment. For these reasons, I respectfully dissent.
This 8th day of February 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER