GILBERT SILVA, Employee, Plaintiff-Appellee v. LOWE'S HOME IMPROVEMENT, Employer, SPECIALTY RISK SERVICES, Carrier, Defendants-Appellants

No. COA04-1678

(Filed 21 February 2006)

**1. Workers' Compensation— lifting restrictions—accommodations**

Although there was conflicting evidence in a workers' compensation case about defendant's accommodation of plaintiff's lifting restrictions, there was competent evidence to support the Industrial Commission's finding that the restrictions were not accommodated. The Commission is the sole judge of the weight and credibility of the evidence.

**2. Workers' Compensation— disability—reason for termination**

There was evidence in a workers' compensation case that plaintiff sought a meeting with his manager to discuss his work restrictions, a meeting which became heated and was followed by his termination. The Commission weighed the reasons for the termination and did not err by finding that plaintiff was terminated for the stated reason of being insubordinate without acknowledging evidence that plaintiff told his manager to "shut up."

**3. Workers' Compensation— disability—termination—purpose of meeting**

There was no error in a workers' compensation case in the Industrial Commission finding that plaintiff's manager planned to discipline plaintiff at a meeting at which she had requested a witness, although there was testimony that the additional person was requested because plaintiff was agitated. Evidence tending to support a plaintiff's claim is to be viewed in the light most favorable to plaintiff.

**4. Workers' Compensation— disability—termination for work restrictions—findings**

The findings supported the Industrial Commission's determination in a workers' compensation case that plaintiff's termination was directly related to his work restrictions rather than insubordination for which any non-disabled employee would have been terminated. The Commission found testimony by defendant's witnesses to be less credible than plaintiff's testimony; moreover, defendants did not present evidence from the district manager who told plaintiff the reason for his termination.

**5. Workers' Compensation— disability—findings not sufficient for review**

There was insufficient evidence to allow judicial review of Industrial Commission findings about whether plaintiff had suffered a disability where there were no findings about medical evidence, evidence of reasonable efforts to find employment, or evidence of futility in seeking employment. Defendant's admission of compensability did not relieve plaintiff of his burden of proving the existence and extent of his disability, nor did it relieve the Commission of its duty to make specific findings.

**6. Workers' Compensation— disability—constructive refusal of employment—not found**

Although termination of employment for misconduct may constitute constructive refusal of employment, there was no error here in the opposite conclusion. The Commission, as sole judge of credibility, did not find defendant's explanation of the termination credible and did find that plaintiff's termination was related to his work restrictions.

Appeal by defendants from opinion and award entered 28 September 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 11 October 2005.

*The Kilbride Law Firm, PLLC, by Terry M. Kilbride and Nina G. Kilbride, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Meredith T. Black, for defendants-appellants.*

McGEE, Judge.

Gilbert Silva (plaintiff) was employed by Lowe's Home Improvement (Lowe's) in the plumbing department at a Lowe's store in Henderson. Plaintiff was fifty-eight years old at the time of the hearing of his claim. Prior to his employment at Lowe's, plaintiff had worked as an engineer for Lockheed Martin and had also owned, operated, and managed his own business. Plaintiff's primary function at Lowe's was to write special orders for customers, attend to customers, stock shelves, and clean. Plaintiff was using a cherry picker to stock shelves on 26 May 2001 when he lost his footing and hit the edge of the shelving with his upper chest. Plaintiff was seen by a physician, who instructed plaintiff not to lift items exceeding twenty

pounds. Plaintiff returned to work at Lowe's. Plaintiff suffered a second injury on 23 November 2001 while guiding a shower door onto a cart. Plaintiff again saw a physician and was instructed not to lift items over twenty-five pounds continuously, or over forty pounds on occasion. Plaintiff returned to work at Lowe's following this second incident.

At a plumbing department staff meeting in April 2002, plaintiff's immediate supervisor, Clint Francis (Mr. Francis), reminded employees that they were responsible for "zoning" their respective areas within the plumbing department. "Zoning" involved walking down the aisles and straightening items. Mr. Francis reminded plaintiff about plaintiff's zoning duties. Mr. Francis also asked the assistant store manager, Kyndall McNair (Ms. McNair), to remind plaintiff. Ms. McNair approached plaintiff on 9 April 2002 to discuss his zoning duties. Plaintiff testified that some of Ms. McNair's concerns involved duties that plaintiff was incapable of performing because of plaintiff's lifting restrictions. Ms. McNair denied asking plaintiff to perform any duties beyond plaintiff's lifting restrictions, and testified she thought the meeting had gone well.

Plaintiff testified that on 15 April 2002, he arrived at work earlier than usual to "get some closure" with Ms. McNair regarding their previous conversation about plaintiff's zoning duties. Ms. McNair asked the store's training and personnel coordinator, Audra Benfield (Ms. Benfield), to join the meeting. Ms. McNair testified that during the meeting, a "heated" exchange took place between plaintiff and Ms. McNair. Plaintiff became upset, raised his voice, and told Ms. McNair to "shut up." Following this incident, Lowe's district manager, Jeff Sain, terminated plaintiff's employment by telephone. Thereafter, plaintiff requested a hearing before the Industrial Commission (the Commission) alleging entitlement to continuing disability compensation.

After a hearing, a deputy commissioner entered an opinion and award on 20 August 2003, concluding that: (1) plaintiff was terminated for insubordination, (2) any other employee of Lowe's would have been terminated for the same action, and (3) plaintiff constructively refused to perform the work provided. The deputy commissioner denied plaintiff's claim for temporary total disability compensation. Plaintiff appealed to the full Commission, which reversed the deputy commissioner. The Commission entered an opinion and award on 28 September 2004 finding that Lowe's and its insurance carrier, Specialty Risk Services, (collectively defendants), failed to

show that plaintiff was terminated for misconduct for which a non-disabled employee would have been terminated. The Commission awarded plaintiff ongoing total disability compensation from 16 April 2002 until plaintiff returned to work, as well as medical expenses incurred as a result of the 26 May 2001 injury. Defendants appeal.

---

Appellate review of an award from the Commission is limited to two inquiries: (1) whether the findings of fact are supported by any competent evidence in the record, and (2) whether the conclusions of law are justified by the findings of fact. *Counts v. Black & Decker Corp.*, 121 N.C. App. 387, 389, 465 S.E.2d 343, 345 (internal citation omitted), *disc. review denied*, 343 N.C. 305, 471 S.E.2d 68-69 (1996). If supported by competent evidence, the Commission's findings are conclusive even if the evidence might also support a contrary finding. *Jones v. Candler Mobile Village*, 118 N.C. App. 719, 721, 457 S.E.2d 315, 317 (1995).

Defendants assign error to seven findings of fact, arguing the findings are not supported by competent evidence. Defendants also assign error to three conclusions of law, arguing the conclusions are not supported by competent findings of fact. Defendants further assign error to three paragraphs of the award, arguing that those paragraphs are not supported by the findings and conclusions.

I.

[1] Defendants argue that finding of fact number five is not supported by competent evidence. Finding of fact number five provides:

> Regarding plaintiff's restrictions and the requirements of his "light duty job," defendants assert that his restrictions were accommodated. However, there is no credible evidence of record . . . relating to any specific modifications or purported accommodations made by defendants. Moreover, plaintiff, whose testimony is accepted as credible, testified that his supervisors and co-workers often complained and expressed frustration regarding his lifting restrictions following his return to work.

Defendants argue there is no evidence in the record to support a finding that plaintiff's lifting restrictions were not accommodated. However, we find no evidence of specific accommodations or modifications made to suit plaintiff's lifting restrictions. Moreover, there is conflicting evidence over whether plaintiff was asked to do work beyond his restrictions. Plaintiff testified that on occasion he refused

SILVA v. LOWE'S HOME IMPROVEMENT

[176 N.C. App. 229 (2006)]

to do assigned work that was beyond his restrictions, and that such refusals appeared to cause "grief" for Ms. McNair and the store manager, John Blankenship (Mr. Blankenship). Plaintiff also testified that "at times there was agitation" over his restrictions and that Ms. McNair asked plaintiff to perform tasks beyond his restrictions. Ms. McNair testified that she never asked plaintiff to perform any activities beyond his restrictions, and that her concern about plaintiff's work was that plaintiff was not zoning items within his restrictions, such as faucets, towel bars, and filters.

It is well settled that the Commission is the "sole judge of the weight and credibility of the evidence." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). On appeal, this Court may not re-weigh evidence or assess credibility of witnesses. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). In the present case, the Commission afforded greater weight to plaintiff's testimony than to the testimony of defendants' witnesses. Although the testimony is conflicting, there is competent evidence to support the Commission's finding.

**[2]** Defendants next assign error to finding of fact number six:

> On 15 April 2002, plaintiff reported to work . . . [and] approach[ed] Ms. Kyndall McNair, defendant-employer's assistant manager, to discuss his concerns regarding his restrictions not being complied with and the problems this was creating. Ms. McNair then asked Ms. Audra Benfield, defendant-employer's personnel training coordinator, to join the discussion. During the meeting, plaintiff testified that Ms. McNair was rude and that she thrust her hand into his face. Ms. McNair testified that it was plaintiff who was rude and that he also displayed threatening behavior. Following this meeting, plaintiff was terminated for the stated reason of being insubordinate.

Defendants argue there is no evidence that plaintiff intended to discuss his restrictions with Ms. McNair or that he in fact did so during the meeting. Again, while the evidence is somewhat conflicting, there is competent evidence in the record to support this finding of fact. Plaintiff testified that on 9 April 2002, he and Ms. McNair had a meeting to discuss zoning. According to plaintiff, Ms. McNair was "upset" because he was not zoning properly. Plaintiff explained to Ms. McNair that he was unable to do certain zoning tasks because of his lifting restrictions. Plaintiff further testified he sought the 15 April 2002 meeting with Ms. McNair to "get some closure to some statements

that were made . . . by [Ms.] McNair the week earlier [at the 9 April 2002 meeting]." This testimony supports the Commission's finding that plaintiff sought to meet with Ms. McNair on 15 April 2002 to discuss his restrictions.

Defendants also argue the Commission erred in not acknowledging, in finding number six, the undisputed evidence that plaintiff told Ms. McNair to "shut up." Defendants contend that plaintiff's telling Ms. McNair to "shut up" was "clearly" the reason for his termination, i.e., insubordination, and that the Commission erred in ignoring this evidence. However, defendants presented no direct evidence of plaintiff's termination. Jeff Sain, the district manager who fired plaintiff, was not present for the hearing, nor was any deposition testimony presented. As a result, the Commission weighed the explanations given for plaintiff's termination by plaintiff and Ms. McNair. The Commission found only that plaintiff was terminated for the "stated reason" of being insubordinate. We find no error.

[3] Defendants next assign error to finding of fact number seven:

> Pursuant to the credible evidence of record, it is defendant-employer's policy to have a witness present when disciplinary action is taking place. Therefore, the reasonable inference from Ms. McNair securing a witness prior to the meeting, which was requested by plaintiff, is that she planned to discipline plaintiff even before the meeting commenced. Based upon this and the entire record of credible evidence, the Full Commission gives great weight to plaintiff's testimony regarding the circumstances of his termination as opposed to that of Ms. McNair, which is given less weight.

In support of this finding, Ms. McNair testified that Lowe's does have a policy of having a witness present if an employee is to be reprimanded. However, Ms. McNair also testified that she asked Ms. Benfield to be present because plaintiff was visibly agitated. Ms. Benfield confirmed that plaintiff had an aggressive attitude, and that she was not directed to attend the meeting for the purpose of witnessing plaintiff's termination.

Evidence tending to support a plaintiff's claim is to be viewed in the light most favorable to the plaintiff, who is "entitled to the benefit of every reasonable inference to be drawn from the evidence." *Adams*, 349 N.C. at 681, 509 S.E.2d at 414. Although it is reasonable to infer from the evidence that Ms. Benfield was present only because

of a concern about plaintiff's agitation, it is also reasonable to infer that Ms. Benfield was present to witness disciplinary action. Since plaintiff is entitled to the benefit of every reasonable inference, we find no error in the Commission's finding that Ms. McNair planned to discipline plaintiff.

**[4]** Defendants next assign error to finding of fact number eight:

Based upon the credible evidence of record, defendants have failed to prove that plaintiff's termination was for misconduct or fault for which a non-disabled employee would also have been terminated. In fact, the credible evidence of record supports a finding that plaintiff's termination was directly related to his assigned light duty work restrictions and defendant-employer's inability to reasonably accommodate those restrictions. Accordingly, plaintiff did not constructively refuse suitable work.

The Commission's finding, that plaintiff's termination was directly related to plaintiff's assigned light-duty work restrictions, is supported by plaintiff's testimony that he sought to meet with Ms. McNair on 15 August 2002 to discuss issues related to zoning and plaintiff's lifting restrictions. Defendants again argue that the Commission's finding is erroneously void of any mention of the undisputed evidence that plaintiff told Ms. McNair to "shut up" during the meeting. Defendants point out that plaintiff admitted to doing so in a letter to Bob Tillman, C.E.O. of Lowe's, and testimony by Ms. McNair and Ms. Benfield confirmed plaintiff's behavior at the meeting. Ms. Benfield further testified that, under Lowe's disciplinary policy, telling a supervisor to "shut up" would constitute insubordinate conduct, a Class A offense that could result in an employee's immediate termination. Mr. Blankenship further testified that he called Jeff Sain, who ultimately terminated plaintiff, to report on the meeting and "to discuss what needed to be done to make sure we were following [Lowe's] policy and procedure." From this evidence, defendants argue, and we agree, it is reasonable to infer that plaintiff's termination was for insubordination, misconduct for which a non-disabled employee would also have been terminated, and that plaintiff's termination was unrelated to plaintiff's lifting restrictions. However, the Commission found the testimony by defendants' witnesses to be less credible than plaintiff's testimony. Accordingly, and giving plaintiff the benefit of every reasonable inference, the Commission found that plaintiff was not terminated for insubordination, but rather because of plaintiff's lifting restrictions, and found

that the termination was related to plaintiff's injury. Moreover, as previously discussed, defendants presented no testimony or evidence from Jeff Sain, who had communicated to plaintiff the reason for plaintiff's termination.

The final sentence of finding number eight, that "plaintiff did not constructively refuse suitable work[,]" is actually a conclusion of law, and we will address it as such in section II of this opinion. *See McRae v. Toastmaster, Inc.*, 358 N.C. 488, 499, n.3, 597 S.E.2d 695, 703, n.3 (2004) (noting the determination that a plaintiff has constructively refused suitable employment is a conclusion of law and that the distinction between a finding of fact and a conclusion of law is "significant, as an appellate court's standard of review of the Commission's findings of fact is markedly different from its standard for reviewing the Commission's conclusions of law.").

[5] We next review the Commission's finding of fact number nine, that "[a]s the result of his 26 May 2001 injury by accident, plaintiff has been unable to earn any wages in any employment[.]" We hold that this finding is insufficient. While the Commission "is not required to make specific findings of fact on every issue raised by the evidence, it is required to make findings on crucial facts upon which the right to compensation depends." *Watts v. Borg Warner Auto., Inc.*, 171 N.C. App. 1, 5, 613 S.E.2d 715, 719, *aff'd* 360 N.C. 169, 622 S.E.2d 492 (2005). Here, the Commission "failed to make specific findings of fact as to the crucial questions necessary to support a conclusion as to whether plaintiff had suffered any disability as defined by G.S. 97-2(9)." *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 596, 290 S.E.2d 682, 684 (1982).

An employee seeking compensation under the Workers' Compensation Act (the Act) bears the burden of proving the existence of a disability and its extent. *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 493 (2005). The Act defines disability as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (2003). Disability, therefore, is "the impairment of the injured employee's earning capacity rather than physical disablement." *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). In order to award compensation to a claimant, the Commission must find that the claimant has shown disability. *Hilliard*, 305 N.C. at 595, 290 S.E.2d at 683. An employee may meet this burden of proof in four ways: (1) medical evidence that, as a consequence of the work-related injury, the employee is incapable

of work in any employment; (2) evidence that the employee is capable of some work, but has been unsuccessful, after reasonable efforts, in obtaining employment; (3) evidence that the employee is capable of some work, but that it would be futile to seek employment because of preexisting conditions, such as age or lack of education; or (4) evidence that the employee has obtained employment at a wage less than that earned prior to the injury. *Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457.

In the present case, the Commission made only one finding about the existence and extent of plaintiff's disability: "As the result of his 26 May 2001 injury by accident, plaintiff has been unable to earn any wages in any employment for the period of 16 April 2002 through the present and continuing." Nominally, this finding satisfies the *Hilliard* test and the Act's definition of disability. However, the finding is insufficient to allow this Court to review the legal basis for this ultimate finding of fact. There are no findings of fact as to medical evidence, evidence of reasonable efforts to obtain employment, or evidence of the futility of plaintiff's seeking employment. As a result, we are unable to determine which of the four *Russell* prongs the Commission has relied on in coming to the ultimate factual finding that plaintiff has carried his burden of proving disability. Because the Commission's findings of fact are insufficient to enable this Court to determine plaintiff's right to compensation, this matter must be remanded for proper findings on this issue. *See Lawton v. County of Durham*, 85 N.C. App. 589, 592, 355 S.E.2d 158, 160 (1987) (holding that where the findings are insufficient to enable the reviewing court to determine the rights of the parties, the case must be remanded to the Commission for proper findings of fact).

We note defendants stipulated to the compensability of plaintiff's injury. However, defendants' admission of compensability did not relieve plaintiff of his burden of proving the existence and extent of his alleged disability. *See Clark*, 360 N.C. at 44, 619 S.E.2d at 493 ("[T]he law in North Carolina is well settled that an employer's admission of the 'compensability' of a workers' compensation claim does not give rise to a presumption of 'disability' in favor of the employee."). Nor did defendants' stipulation relieve the Commission of its duty " 'to make specific findings regarding the existence and extent of any disability suffered by plaintiff.' " *Id.* (quoting *Johnson v. Southern Tire Sales & Serv.*, 358 N.C. 701, 707, 599 S.E.2d 508, 512-13 (2004)). Accordingly, we remand to the Commission for adequate findings on the existence and extent of plaintiff's disability.

II.

[6] We now address the Commission's conclusion of law, embedded in finding of fact number eight, that "plaintiff did not constructively refuse suitable work." The conclusion is supported by the Commission's factual findings that plaintiff was fired not for misconduct, but rather for reasons directly related to plaintiff's lifting restrictions. Accordingly, we find no error in this conclusion. Moreover, the conclusion results from the correct application of the *Seagraves* test for constructive refusal. *See Seagraves v. Austin Co. of Greensboro*, 123 N.C. App. 228, 472 S.E.2d 397 (1996).

N.C. Gen. Stat. § 97-32 (2003) provides that an injured employee is not entitled to any compensation if the employee refuses employment suitable to the employee's capacity, unless the Industrial Commission finds that such refusal was justified. A refusal of employment may be actual or constructive. *Seagraves*, 123 N.C. App. at 233-34, 472 S.E.2d at 401. Where an injured employee is terminated for misconduct, such termination may constitute constructive refusal. *Id.* at 230, 472 S.E.2d at 399. To establish that an injured employee has constructively refused employment, the employer must show "that the employee was terminated for misconduct or fault, unrelated to the compensable injury, for which a nondisabled employee would ordinarily have been terminated." *Seagraves* at 234, 472 S.E.2d at 401.

Defendants also assign error to the Commission's conclusion of law number two, that "[b]ased upon the credible evidence of record, defendants have failed to prove that plaintiff's termination was for misconduct or fault for which a non-disabled employee would also have been terminated." This conclusion is based on the Commission's finding number eight, that plaintiff's termination was directly related to his assigned light-duty work restrictions. The Commission did not find defendants' explanation, that plaintiff was terminated for insubordination, to be credible. Because the Commission is the sole judge of the credibility of witnesses, we find no error.

Finally, defendants assign error to those paragraphs of the Commission's conclusions and award that state that plaintiff is entitled to payment of ongoing disability compensation and medical expenses. As discussed above, the Commission's order and award contain insufficient findings as to whether plaintiff, in fact, suffered any disability. Accordingly, we affirm that part of the Commission's order that provides, under *Seagraves*, that plaintiff is not barred from compensation because of constructive refusal of suitable employ-

ment. *Seagraves*, 123 N.C. App. at 234, 472 S.E.2d at 401. We remand for further findings on the threshold issue of whether plaintiff has proved the existence of a disability that would entitle him to compensation under the Act.

Defendants' assignments of error numbers one and two, not argued in defendants' brief on appeal, are deemed abandoned pursuant to N.C.R. App. P. 28(b)(6).

Affirmed in part; remanded.

Judges WYNN and GEER concur.