PLOTT v. BOJANGLE'S RESTS., INC.

[181 N.C. App. 61 (2007)]

MICKEY PLOTT, EMPLOYEE, PLAINTIFF v. BOJANGLE'S RESTAURANTS, INC., EMPLOYER, AND INSURANCE CO. OF THE STATE OF PENNSYLVANIA, c/o AIG CLAIM SERVICES, CARRIER, DEFENDANTS

No. COA05-1690

(Filed 2 January 2007)

**1. Workers' Compensation— failure to seek suitable employment—benefits discontinued erroneously**

The Industrial Commission erroneously applied N.C.G.S. § 97-32 to discontinue workers' compensation benefits after plaintiff was released to work but failed to make reasonable efforts to find suitable employment. Defendant had not accepted compensability for plaintiff's claims and plaintiff was not receiving benefits. It is illegal to apply N.C.G.S. § 97-32 to a claim that has been denied and is in litigation.

**2. Workers' Compensation— disability—findings—insufficiency**

Industrial Commission findings in a workers' compensation case were not sufficient for the Court of Appeals to determine the rights of the parties, and the case was remanded, where plaintiff contended that he had proven his disability, the Commission found that plaintiff had been released to work but had not sought employment, and the Commission made no detailed findings as to plaintiffs injuries or limitations or about any of the factors in *Russell v. Lowes Product Distribution*, 108 N.C. App. 762.

Judge TYSON dissenting.

Appeal by plaintiff from opinion and award entered by the North Carolina Industrial Commission on 8 July 2005. Heard in the Court of Appeals 22 August 2006.

*Raymond M. Marshall, for plaintiff-appellant.*

*Robinson & Lawing, L.L.P., by Jolinda J. Babcock, for defendant-appellees.*

HUDSON, Judge.

Plaintiff filed a workers' compensation claim alleging he sustained an injury by accident on 1 November 2002. Defendants denied the claim by Form 61 and plaintiff requested a hearing, which was held 18 November 2003. In June 2004, Deputy Commissioner

PLOTT v. BOJANGLE'S RESTS., INC.

[181 N.C. App. 61 (2007)]

Adrian A. Phillips entered an opinion and award finding that plaintiff sustained a compensable injury by accident and awarding compensation benefits beginning with the date of plaintiff's injury and "continuing until Plaintiff returns to work or further order by the Commission." Defendants appealed to the Full Commission, which modified the opinion and award, concluding that although plaintiff sustained a compensable injury by accident, defendants had offered plaintiff suitable employment and that plaintiff was entitled to benefits only from the time of the injury until plaintiff was released to work in February 2003, because plaintiff failed to make reasonable efforts to find suitable employment since being released. Plaintiff appeals. We reverse and remand.

The evidence of record tends to show the following facts. On 1 November 2002, while working as a unit manager at Bojangle's Restaurant, plaintiff tripped over a hose in the front of the store, slipped and began to fall but was able to catch himself. Plaintiff felt pain in his back and reported the incident immediately to an on-site area director for defendant-employer. Plaintiff completed his shift and returned to work the following day. On 3 November 2002, plaintiff sought medical treatment from Primecare, who released plaintiff to work in a sedentary capacity beginning on 4 November 2002. Defendants contend that they offered to accommodate plaintiff's restrictions for about a month after his injury, and it is undisputed that plaintiff did not return to work.

On 12 November, plaintiff saw his primary care physician, Dr. Lon Morgan, who wrote plaintiff out of work from 12 November to 18 November. Plaintiff followed up with Dr. Morgan on 19 November 2002, at which time Dr. Morgan recommended plaintiff stay out of work another week. On 2 December 2002, plaintiff saw Dr. Christopher Bashore, an orthopedic surgeon, who released plaintiff to return to light duty work with restrictions. On 10 December 2002, Dr. William Brown, a neurosurgeon, examined plaintiff, prescribed epidural steroid injections, and wrote plaintiff out of work until that course of treatment was completed. Dr. Brown released plaintiff to work with significant permanent restrictions on 24 February 2003. At the hearing, plaintiff testified, and defendant-employer's human resources manager confirmed, that defendant could not accommodate the restrictions suggested by Dr. Brown during this period. On 13 June 2003, Dr. Brown wrote plaintiff out of work from 3 December 2002 to 3 August 2003, and on 6 August 2003, Dr. Brown wrote plaintiff out of work "indefinitely."

At the hearing, plaintiff testified that he had not worked or sought work since November 2002 because of his pain and limitations. Plaintiff also testified that defendants had not offered vocational services. During his deposition, Dr. Brown testified that he believes that plaintiff could do some sort of work "if enough restrictions are applied," and recommended that plaintiff "[f]ind a different type of job." Plaintiff has a high school diploma and has taken a couple of courses in machine shop. Prior to beginning his employment with defendant in 1999, plaintiff had worked as a forklift operator, as a machine operator, at K-Mart in deli/food service, had managed a McDonald's restaurant, and had worked at a pizza restaurant.

[1] In his brief, plaintiff argues that there was insufficient evidence to support the Commission's findings and conclusion that defendant offered him a light duty position that would accommodate his restrictions. Defendant argues that plaintiff was not entitled to benefits because of N.C. Gen. Stat. § 97-32 (2004), which states that "[i]f an injured employee refuses employment procured for him suitable to his capacity he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified." Id. Here, the Commission concluded that

> 4. Plaintiff was offered sedentary employment at his preinjury wage by defendant but refused to attempt this employment and has not made reasonable efforts to find suitable employment since being released to return to work on 24 February 2003. Plaintiff is therefore not entitled to ongoing weekly disability benefits. N.C.G.S. 97-32.

N.C. Gen. Stat. § 97-32 is entitled "Refusal of injured employee to accept suitable employment as *suspending* compensation," and applies where an employer seeks to "*discontinue* disability payments." *Williams v. Pee Dee Electrical Membership Corp.*, 130 N.C. App. 298, 301, 502 S.E.2d 645, 647 (1998) (emphasis added). *See also Smith v. Sealed Air Corp.*, 127 N.C. App. 359, 361, 489 S.E.2d 445, 447 (1997). However, it is undisputed that defendant had not accepted compensability for plaintiff's claim and that plaintiff had not been receiving any workers' compensation benefits. Since a suspension of compensation under section 97-32 is by definition temporary and a plaintiff can restore benefits by discontinuing the refusal, it is illogical to apply section 97-32 to a claim that has been denied and is in litigation. Here, even if plaintiff had accepted defendant's job, he was receiving no benefits which could have then resumed. We thus

conclude that the Commission erroneously applied N.C. Gen. Stat. § 97-32 here.

[2] Plaintiff also argues that he proved his disability, but that the Commission failed to make findings as to his disability or its extent. "In order to obtain compensation under the Workers' Compensation Act, the claimant has the burden of proving the existence of his disability and its extent." *Hendrix v. Linn-Corrhier Corp.*, 317 N.C. 179, 185, 345 S.E.2d 374, 378 (1986). A plaintiff can meet this burden in four ways:

> (1) medical evidence that, as a consequence of the work-related injury, the employee is incapable of work in any employment; (2) evidence that the employee is capable of some work, but has been unsuccessful, after reasonable efforts, in obtaining employment; (3) evidence that the employee is capable of some work, but that it would be futile to seek employment because of preexisting conditions, such as age or lack of education; or (4) evidence that the employee has obtained employment at a wage less than that earned prior to the injury.

*Silva v. Lowe's Home Improvement*, 176 N.C. App. 229, 237, 625 S.E.2d 613, 620 (2006) (citing *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993)). If the claimant meets this initial burden, the burden shifts to the defendant to show that "suitable jobs are available, [and] also that the plaintiff is capable of getting one, taking into account both physical and vocational limitations." *Kennedy v. Duke Univ. Medical Ctr.*, 101 N.C. App. 24, 33, 398 S.E.2d 677, 682 (1990).

"The findings of the Industrial Commission are conclusive on appeal when supported by competent evidence even though there be evidence to support a contrary finding." *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982). "However, the Commission's legal conclusions are reviewable by the appellate courts." *Id.* "While the Industrial Commission is not required to make specific findings of fact on every issue raised by the evidence, it is required to make findings on crucial facts upon which the right to compensation depends." *Gaines v. L. D. Swain & Son, Inc.*, 33 N.C. App. 575, 579, 235 S.E.2d 866, 859 (1977). "Where the findings are insufficient to enable the court to determine the rights of the parties, the case must be remanded to the Commission for proper findings of fact." *Lawton v. County of Durham*, 85 N.C. App. 589, 592, 355 S.E.2d 158, 160 (1987).

PLOTT v. BOJANGLE'S RESTS., INC.

[181 N.C. App. 61 (2007)]

Here, the Commission made no findings regarding the nature of plaintiff's disability or its extent. The Commission found that doctors released plaintiff to work and that defendant-employer offered plaintiff "a position within his restrictions," but that "Plaintiff refused to attempt this position and subsequently failed to seek employment." However, the Commission made no detailed findings as to plaintiff's physical injuries and limitations or as to any of the *Russell* factors. Because the Commission's findings here are insufficient to enable us "to determine the rights of the parties, the case must be remanded to the Commission for proper findings of fact." *Lawton* at 592, 355 S.E.2d at 160.

Reversed and remanded.

Judge WYNN concurs.

Judge TYSON dissents in a separate opinion.

The judges participated and submitted this opinion for filing prior to 1 January 2007.

TYSON, Judge, dissenting.

The majority's opinion "reverse[s] and remand[s]" this case to the North Carolina Industrial Commission (the "Commission") for further findings of fact. Where additional findings are required, the proper mandate from this Court is to simply remand for further findings. "Where the findings are insufficient to enable the court to determine the rights of the parties, the case must be remanded to the Commission for proper findings of fact." *Lawton v. County of Durham*, 85 N.C. App. 589, 592, 355 S.E.2d 158, 160 (1987). Under this Court's standard of review, we do not reweigh credibility determinations of the evidence before the Commission. *Harrell v. Stevens & Co.*, 45 N.C. App. 197, 205, 262 S.E.2d 830, 835, *disc. rev. denied*, 300 N.C. 196, 269 S.E.2d 623 (1980). I vote to affirm the Commission's opinion and award and respectfully dissent.

I. Standard of Review

"The findings of the Industrial Commission are conclusive on appeal when supported by competent evidence even though there be evidence to support a contrary finding." *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982) (citations omitted).

The Commission is not required to make specific findings of fact on every issue raised by the evidence, only findings of crucial facts upon which the right to compensation depends are required. *Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 579, 235 S.E.2d 856, 859 (1977). "The Commission is not required to make a finding as to each detail of the evidence or as to every inference or shade of meaning to be drawn therefrom." *Guest v. Iron & Metal Co.*, 241 N.C. 448, 451, 85 S.E.2d 596, 599 (1955).

## II. Background

On 2 December 2002, Dr. Christopher Bayshore, an orthopedic specialist, released plaintiff to return to light duty work with restrictions. On 10 December 2002, Dr. William Brown ("Dr. Brown"), a neurosurgeon, treated plaintiff, prescribed epidural steroid injections, and released plaintiff from work until treatment was completed. Dr. Brown released plaintiff to work with restrictions on 24 February 2003. Dr. Brown testified that he believed that he could work "if enough restrictions [were] applied," and recommended plaintiff "[f]ind a different type of job."

Plaintiff admitted he had neither attempted to return to work nor sought any employment since November 2002 and blamed his lack of efforts on pain and limitations. Plaintiff achieved a high school diploma and has taken courses in machine shop. Plaintiff has experience as a forklift and machine operator. Prior to employment with Bojangle's in 1999, plaintiff gained experience in food service and restaurant management. Plaintiff worked for K-Mart in deli/food service, at a pizza restaurant, and managed a McDonald's Restaurant.

In 1999, plaintiff obtained employment with defendant Bojangle's Restaurants, Inc. as an Assistant Unit Manager. His job duties included cooking, cleaning, overseeing employees, and maintaining positive customer service relations. Plaintiff testified that at the time he accepted the position with Bojangle's he had incurred a partial disability from a prior work related injury. Plaintiff testified he felt comfortable accepting employment with Bojangle's with restrictions and was able to perform his job for three and one-half years under such restrictions.

The Commission made determinations on plaintiff's credibility and entered findings of fact that he "had not been forthcoming regarding defendant-employer's willingness to accommodate plaintiff's restrictions." The Commission also entered findings that "plain-

tiff misinformed Dr. Morgan, mischaracterizing the incident of 1 November 2002." The Commission weighed the credibility of the evidence and entered findings of fact that Bojangle's offered plaintiff a position within his restrictions, which he refused to accept or attempt, and that subsequently failed to seek any employment.

### III. Disability

" 'In order to obtain compensation under the Workers' Compensation Act, the claimant has the burden of proving the existence of his disability and its extent.' " *Saums v. Raleigh Community Hospital*, 346 N.C. 760, 763, 487 S.E.2d 746, 749 (1997) (quoting *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 185, 345 S.E.2d 374, 378 (1986)). "[T]he burden is on the employee to show that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment." *Shaw v. United Parcel Service*, 116 N.C. App. 598, 601, 449 S.E.2d 50, 52 (1994), *aff'd per curiam*, 342 N.C. 189, 463 S.E.2d 78 (1995). A plaintiff may meet this burden in four ways:

> (1) medical evidence that, as a consequence of the work-related injury, the employee is incapable of work in any employment; (2) evidence that the employee is capable of some work, but has been unsuccessful, after reasonable efforts, in obtaining employment; (3) evidence that the employee is capable of some work, but that it would be futile to seek employment because of preexisting conditions, such as age or lack of education; or (4) evidence that the employee has obtained employment at a wage less than that earned prior to the injury.

*Silva v. Lowe's Home Improvement*, 176 N.C. App. 229, 237, 625 S.E.2d 613, 620 (2006) (citing *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). "If an employee presents substantial evidence he or she is incapable of earning wages, the employer must then come forward with evidence to show not only that suitable jobs are available, but also that the plaintiff is capable of getting one, taking into account both physical and vocational limitations." *Barber v. Going West Transp. Inc.*, 134 N.C. App. 428, 435, 517 S.E.2d 914, 920 (1999) (citing *Kennedy v. Duke Univ. Med. Center*, 101 N.C. App. 24, 33, 398 S.E.2d 677, 682 (1990)).

The Commission entered findings of fact that plaintiff was partially disabled. The Commission's finding of fact numbered 9 states, "Dr. Brown testified that he would rate plaintiff with a 10% permanent

partial disability to his back." Based upon this finding, the Commission concluded plaintiff was disabled and entered conclusion of law numbered 2 that "plaintiff was temporarily totally disabled and entitled to receive temporary total disability compensation" until his refusal to return to work.

## IV. Refusal to Work

Plaintiff presented no evidence that he attempted to return to work or seek other gainful employment. Defendants argue pursuant to N.C. Gen. Stat. § 97-32 that the Commission correctly found plaintiff was not entitled to further benefits beyond the Commission's award because "[i]f an injured employee refuses employment procured for him suitable to his capacity he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified." Defendants presented competent evidence to show that "suitable jobs [were] available, [and] also that the plaintiff [was] capable of getting one, taking into account both physical and vocational limitations." *Kennedy*, 101 N.C. App. at 33, 398 S.E.2d at 682. The Commission concluded:

> 4. Plaintiff was offered sedentary employment at his preinjury wage by defendant but refused to attempt this employment and has not made reasonable efforts to find suitable employment since being released to return to work on 24 February 2003. Plaintiff is therefore not entitled to ongoing weekly disability benefits. N.C.G.S. 97-32.

Competent and uncontradicted evidence in the record supports the Commission's conclusion of law numbered 4. The Commission did not err when it entered findings of fact and conclusions of law that plaintiff was released to return to work on 24 February 2003 and he was capable of, but refused, proffered work. The Commission did not shift the burden of proof to defendants after it had found plaintiff failed to prove he was totally disabled after 24 February 2003.

## V. Conclusion

The Commission's findings of fact are supported by competent and uncontradicted evidence in the record and are not insufficient as a matter of law. The Commission's findings of fact support its conclusions of law. I vote to affirm the Commission's opinion and award. I respectfully dissent.