***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell, and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission reverses the Opinion and Award of Deputy Commissioner Rowell.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. All parties are properly before the North Carolina Industrial Commission, and the Commission has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. This case is subject to the North Carolina Worker's Compensation Act.
4. An employment relationship existed between Plaintiff-Employee and Defendant-Employer on March 26, 2007.
5. Plaintiff's average weekly wage is $596.53, which yields a weekly compensation rate of $397.71.
6. Defendant is self-insured with Key Risk Management Services, Inc. serving as its third party administrator.
7. Plaintiff alleges that she suffered an injury to her back as the result of a specific traumatic incident which occurred on March 26, 2007 during the course and scope of her employment.
8. Plaintiff last worked for Defendant-Employer on March 26, 2007.
9. The parties stipulated into evidence as Stipulated Exhibit # 1, a notebook to include the Pre-Trial Agreement, as modified and initialed by the parties, Industrial Commission Forms, Plaintiff's medical records, a recorded statement, and discovery documentation.
10. The parties stipulated into evidence as Stipulated Exhibit # 2, Employer's personnel file regarding Plaintiff.
 *********** ISSUES
1. Whether Plaintiff's claim is time-barred pursuant to N.C. Gen. Stat. § 97-22? *Page 3 
2. Whether Plaintiff suffered an injury by accident on March 26, 2007 arising out of the course of her employment with Defendant-Employer?
3. Whether Plaintiff is entitled to receive any compensation and/or payment of medical expenses from Defendant-Employer and if so, what compensation and/or payment of medical expenses are due?
 ***********
Based upon the competent credible evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before Deputy Commissioner Rowell, Plaintiff was fifty-seven years old, with a date of birth of December 23, 1951. Plaintiff received a high school equivalency diploma and had prior work experience as a security officer, welder/fitter, laborer and restaurant manager.
2. On August 11, 2003, Plaintiff was hired at Morrison Correctional Institution as a Correctional Officer. Her job duties included performing CPR, apprehending escaped and fleeing inmates, and performing searches of inmates.
3. During the course of her employment with Defendant-Employer, Plaintiff was also employed as a part-time security officer with Security Forces Incorporated, a security company located in Fayetteville, North Carolina.
4. Prior to March 26, 2007, Plaintiff was informed about the proper procedure for filing a workers' compensation claim at Morrison Correctional Institution. Also prior to March 26, 2007, Plaintiff had filed workers' compensations claims with Defendant-Employer in 2002, when she was stung by a bee, in 2003, when she was sprayed with pepper spray, and in 2005, *Page 4 
when an inmate grabbed her. In addition, Plaintiff had also filed workers' compensation claims with her employer Security Forces.
5. On March 26, 2007, at approximately 9:00 p.m., Plaintiff was closing windows on Defendant-Employer's Chance building when she allegedly felt a sudden or shooting pain from her right knee to her foot.
6. Shortly after this alleged incident occurred, Plaintiff told her supervisor, Captain John Larry McNeil, that her right knee was hurting. When asked by Captain McNeil whether she was injured at work, Plaintiff replied that she was not, and stated that she had been having right knee problems for a while. Plaintiff did not make any mention of back problems at that time. Captain McNeil did not complete a WC-4 Form or send Plaintiff for medical treatment as he had for Plaintiff's previous workers' compensation claims because Plaintiff had not reported a work injury.
7. While Plaintiff alleges that she informed her immediate supervisor, Lieutenant Mark Covington, that she injured herself closing a window on March 26, 2007, this testimony is not accepted by the Full Commission as credible.
8. Plaintiff has a pre-existing medical history of osteoarthritis of her shoulder, bilateral knee and lower back pain, Type 2 diabetes mellitus, and morbid obesity. On March 9, 2007, Plaintiff was treated for a possible pulled muscle and muscle spasms in her back.
9. Plaintiff reported to Sandhills Regional Medical Center in Hamlet, North Carolina early on the morning of March 27, 2007 complaining of right knee pain. Emergency room personnel noted that Plaintiff exhibited pain on palpation, movement and position and also had swelling in the affected knee. X-rays did not reveal that fractures had occurred. *Page 5 
10. On March 28, 2007, Plaintiff treated with Dr. Dixie Bhiro for right knee pain. Dr. Bhiro diagnosed arthritis of the right knee. Plaintiff did not make any reference to back pain at that time.
11. On April 2, 2007, Dr. George D. Veasy of Sandhills Medical Group treated Plaintiff for lumbar radiculopathy of the S1 nerve root. Dr. Veasy also noted significant osteoarthritis in Plaintiff's right knee. An MRI taken on the same date showed spinal stenosis at L4-5, and a small disc herniation at L5-S1. Dr. Veasy continued to treat Plaintiff until May 2, 2007. There was no reference to a work injury in the medical records maintained by Dr. Veasy's office.
12. Plaintiff alleges that she contacted Captain McNeil after she learned of her MRI results and advised him that she had injured her back. Plaintiff further alleges that Captain McNeil instructed Plaintiff to speak to someone in the personnel department and that she called an individual whose first name was Dru, who then transferred Plaintiff to in individual named Woody Atkins. Plaintiff alleges that Mr. Atkins informed her that she was unable to file a worker's compensation claim as she had already sought medical attention. This testimony is not accepted by the Full Commission as credible. The Full Commission deems the testimony of Captain McNeil, Susan Happer, and Nancy Parker to be more credible on this matter. Captain McNeil testified that he first became aware that Plaintiff was alleging a work injury when he was informed by a member of Defendant-Employer's personnel department in April 2008. Susan Happer, claims adjuster with Key Risk Management Services, Defendant-Employer's third party administrator, testified that she first notified Defendant-Employer of Plaintiff's claim when she received a copy of the Form 18 from the Industrial Commission in March 2008. And Nancy Parker, administrative officer for Morrison Correctional Institute, testified that it was Dru Odem, *Page 6 
not Woody Atkins, who was responsible for handling workers' compensation claims for Defendant-Employer in March 2007 when Plaintiff alleges her injury occurred. Finally, a review of Defendant-Employer's records yielded no records of an injury sustained by Plaintiff on March 26, 2007.
13. In May 2007, Plaintiff was referred to Dr. James E. Rice of Sandhills Orthopaedic Spine Clinic, PA. Claimant completed an initial intake form in connection with her treatment on which she indicated that her lower back pain was not work related, or caused by an accident. On May 14, 2007, Dr. Rice diagnosed Plaintiff with significant degenerative disc disease with spondylolisthesis at L4-5 and L5-S1. On June 15, 2007, Plaintiff submitted to an L4-5 and L5-S1 decompression fusion. On October 27, 2008, Dr. Rice assigned a 30% permanent partial disability rating to Plaintiff's back.
14. When asked to address medical causation during his deposition, Dr. Rice indicated that the alleged March 26, 2007 incident "could have" caused Plaintiff's back pain or symptoms. The competent credible evidence shows that Dr. Rice's medical opinion was based on a temporal relationship between Plaintiff's condition and the alleged March 26, 2007 incident. Dr. Rice testified that he based his medical opinion on "speculation" about what "possibly" occurred based on the history provided by Plaintiff. Dr. Rice was not aware that Plaintiff had pre-existing back problems. Plaintiff had also testified to a prior injury to her back which had occurred while cutting and lifting wood, and Dr. Rice stated that she could have injured her back lifting wood and that no significant weight was required.
15. On May 11, 2007, Plaintiff completed two disability application forms which she submitted to Defendant-Employer. On one application, Plaintiff indicated the reason for her disability was "illness," rather than "accident." She was further prompted on the form "if claim *Page 7 
is for an accident, describe how and when it occurred." Plaintiff responded, "at work." Plaintiff was further prompted to indicate whether a claim had been made or would be made under worker's compensation or employer liability law. Plaintiff responded "no." Plaintiff testified that she responded in the negative because she had allegedly been advised by Woody Atkins that she was unable to file a worker's compensation claim since she had "waited too long." The second application contained a single line stating that the principal cause of Plaintiff's disability was "back started hurting from closing windows at work." Elsewhere on the same application, Plaintiff indicated that she was neither receiving nor was she eligible to receive workers' compensation benefits.
16. Plaintiff received employer-funded short-term disability benefits from May 26, 2007 until May 24, 2008. Plaintiff was approved for extended employer-funded short-term disability benefits from May 25, 2008 until May 25, 2009. The amount paid to Plaintiff in short-term disability benefits totaled approximately $26,416.00. Plaintiff also received seventy-six hours of Voluntary Shared Leave equaling $996.36.
 ***********
Based on the forgoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Pursuant to N.C. Gen. Stat. § 97-22, an injured employee:
 Shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident . . . no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby. *Page 8 
In Gregory v. W.A. Brown Sons, the Supreme Court held:
 [W]hen the employee fails to provide timely written notice as required by section 97-22, regardless of whether the employer had actual notice of the accident, a plaintiff cannot receive compensation unless the Industrial Commission concludes as a matter of law that the failure to provide timely written notice was reasonably excused and that the employer was not prejudiced thereby.
363 N.C. 750, 763-764, 688 S.E.2d 431 (2010).
2. Here, Plaintiff alleges that she sustained an injury by accident on March
26, 2007 in the course and scope of her employment with Defendant-Employer, and that her disc herniation at L5-S1 was causally related to the alleged March 26, 2007 accident. The greater weight of the competent, credible evidence of record shows that Plaintiff did not provide written notice of the alleged accident until March 2008, approximately one year after Plaintiff alleged that the accident occurred. At that time, Defendant-Employer's third party administrator received Plaintiff's Form 18 from the Industrial Commission and informed Defendant-Employer of the same. As such, Plaintiff failed to provide written notice of the alleged accident within the thirty day period required by N.C. Gen. Stat. § 97-22.
3. As Plaintiff failed to provide written notice of the alleged accident in accordance with N.C. Gen. Stat. § 97-22, in order to receive compensation, the Full Commission must first find that the lack of timely written notice was reasonably excused. Gregory v.W.A. Brown Sons, 363 N.C. 750, 763-764, 688 S.E.2d 431 (2010). "The question of whether an employee has shown reasonable excuse depends on the reasonableness of his conduct under the circumstances." Lawton v. County of Durham,85 N.C.App. 589, 592, 355 S.E.2d 158 (1987).
4. In this case, Plaintiff makes several contentions to support her argument that her failure to provide Defendant with timely written notice of her alleged work injury was *Page 9 
reasonable. First, Plaintiff contends that her conduct was reasonable because she informed at least one supervisor of the accident. However, the testimony of Captain McNeil, to which the Full Commission affords more weight than that of Plaintiff, shows that he was not aware that Plaintiff was alleging a work related injury until March 2008. In addition, Plaintiff herself acknowledges that she could not specifically recall whether she mentioned to Captain McNeal that she was closing a window when her leg pain began. Furthermore, Plaintiff's testimony that she informed her immediate supervisor, Lieutenant Covington, that she injured herself closing a window on March 26, 2007 is not accepted by the Full Commission as credible.
5. Plaintiff further contends, in support of her argument that her failure to provide timely written notice of her injury was reasonable, that she was referred to employer's personnel department by Captain McNeil after she learned the results of her MRI, and that she was informed by Woody Atkins of Defendant-Employer's personnel department that she was unable to file a workers' compensation claim as she had already sought medical attention. The Full Commission does not accept Plaintiff's testimony on this matter as credible either. On this matter, the testimony of Captain McNeil, who was not aware that Plaintiff was alleging a work injury until March 2008, and of Nancy Parker, who testified that it was Dru Odem, not Woody Atkins, who was responsible for handling workers' compensation claims for Defendant-Employer in March 2007, is given more weight.
6. Finally, in support of her argument that her failure to provide timely written notice of her injury was reasonable, Plaintiff offers the applications for disability benefits which she submitted to the employer. One application for disability benefits submitted by Plaintiff to the employer indicated that her reason for disability was illness. When prompted on the same application to indicate how and when any accident associated with her claim occurred, Plaintiff *Page 10 
responded, "at work," but then indicated that no claim had been made or would be made under workers' compensation or employer liability law. A second applications contains a single line stating that the principal cause of Plaintiff's disability was "back started hurting from closing windows at work." Elsewhere on the same application, Plaintiff indicated that she was neither receiving nor was she eligible to receive workers' compensation benefits. Plaintiff did not specify on either application which of the two jobs she held as of March 26, 2007 she was working at when her alleged injury occurred. In light of the conflicting information and ambiguity contained in Plaintiff's applications for disability benefits, the Full Commission does not agree with Plaintiff's contention that her Personnel file contained ample evidence that she sustained a work injury in the course of her employment with Defendant. Due to the foregoing, the Full Commission does not find as a matter of law that Plaintiff is reasonably excused from providing written notice of her alleged work injury within thirty days as required by N.C. Gen. Stat. § 97-22.
7. In addition to finding that the employee's lack of timely written notice was reasonably excused, in order for the employee to receive compensation the Commission must also find that the employer was not prejudiced by the lack of timely written notice.Gregory v. W.A. Brown Sons,363 N.C. 750, 763-764, 688 S.E.2d 431 (2010). In Booker v. DukeMedical Center, the Supreme Court stated that the purpose of the notice-of-injury requirement contained in N.C. Gen. Stat. § 97-22 is both to allow the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury, and to facilitate the earliest possible investigation of the circumstances surrounding the injury. 297 N.C. 458, 481, 256 S.E.2d 189, 204 (1979). The competent credible evidence in the record in this case shows that Defendant did not have actual knowledge that Plaintiff was even alleging a work injury until *Page 11 
March 2008, approximately one year after the alleged injury occurred. As a result, Defendant was precluded both from obtaining immediate medical treatment with a view to minimizing the seriousness of Plaintiff's alleged injury, and from investigating the circumstances of Plaintiff's alleged injury until approximately one year after it was alleged to have occurred. As such, the Full Commission concludes as a matter of law that Defendant was prejudiced by Plaintiff's failure to provide timely written notice of her alleged work injury.
8. In light of the foregoing, Plaintiff's claim is time barred pursuant to N.C. Gen. Stat. § 97-22. Therefore, it is not necessary to address the issue of whether Plaintiff suffered an injury by accident arising out of the course of her employment with Defendant-Employer.
 ***********
Based upon the forgoing Findings of Fact and Conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, Plaintiff's claim must be and is hereby denied.
2. Each side shall pay its own costs.
This the 5th day of March, 2010.
 S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT *Page 12 
COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER