VIRGINIA GRIGG, Guardian Ad Litem of KATHERINE E. GRIGG, Employee v. PHARR YARNS, INC., Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Carrier

No. 7227IC373

(Filed 2 August 1972)

1. **Master and Servant § 97— workmen's compensation — remand for further hearing — belated exception**

    Where plaintiff did not except to an order of the Industrial Commission remanding the cause to a deputy commissioner for further hearing until after the deputy commissioner had ruled against her by reducing the amount of the award, the exception was not timely made.

2. **Master and Servant § 97— workmen's compensation — remand for further hearing — waiver of irregularity**

    Plaintiff waived any irregularity in the action of the Industrial Commission remanding the cause to a deputy commissioner for further hearing when she stipulated that the only questions to be determined at the further hearing were the amounts of compensation plaintiff was entitled to receive for disfigurement and for permanent partial disability.

3. **Master and Servant § 74— workmen's compensation — award for back injury and disfigurement**

    The evidence before the Industrial Commission supported its award to plaintiff of $750 for injury to her back, $1,400 for bodily disfigurement, and $400 for facial disfigurement.

4. **Master and Servant § 99— workmen's compensation — appeal by both parties — costs**

    Where both parties appealed to the Full Industrial Commission, the cause was remanded for further hearing, and plaintiff ultimately prevailed against defendants, the Full Commission erred in taxing half of the costs of that appeal to the plaintiff, since costs follow the final judgment.

5. **Master and Servant § 99— workmen's compensation — appeal by plaintiff — attorney's fees**

    Where only the plaintiff appealed from an opinion and award of the Industrial Commission which had required defendants to pay $200 as a fee for plaintiff's counsel, the Court of Appeals denied plaintiff's motion under G.S. 97-88 that it award additional fees for plaintiff's counsel.

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission filed 21 February 1972.

Defendants and plaintiff appealed from an opinion and award of Deputy Commissioner Dandelake, filed 23 September

1970, to the North Carolina Industrial Commission (Commission). This appeal was set for review before the Commission on 13 November 1970, and subsequently what is denominated "Opinion and Award for the Full Commission," filed 16 December 1970, was entered. The pertinent parts of this "Opinion and Award" are as follows:

"Inasmuch as the evidentiary record lacks sufficient evidence to support the Findings of Fact of Deputy Commissioner Dandelake, the Full Commission hereby remands the case for a hearing de novo in order that the proper evidence may be placed into the evidentiary record.

Each side shall pay its own costs as the same relate to the appeal."

Thereafter a "Modification of Opinion and Award for the Full Commission," filed 22 December 1970, was entered, modifying the first paragraph of the above-quoted part of the "Opinion and Award" to read as follows:

"Inasmuch as the evidentiary record lacks sufficient evidence to support the findings of fact of Deputy Commissioner Dandelake, the Full Commission hereby remands the case for a further hearing to take such additional evidence as the parties hereto shall desire to offer."

There were no objections or exceptions at that time by any of the parties to the procedure of "remanding" the matter for further hearing and the taking of evidence, and a hearing was held by Deputy Commissioner Leake on 28 April 1971 pursuant to the above order. At this hearing, the parties made certain stipulations and the plaintiff presented evidence, but the defendant offered none. Among the stipulations entered by the parties at this hearing before Deputy Commissioner Leake was the following:

"That the only questions to be determined in today's hearing is the amount of compensation the plaintiff is entitled to receive for disfigurement and for permanent partial disability."

In an opinion and award filed 11 May 1971, Deputy Commissioner Leake made findings of fact and awarded plaintiff a total sum of $750.00 for injury to her back, the sum of $1,400.00 compensation for bodily disfigurement, and the sum

of $400.00 for facial disfigurement, in addition to all approved medical expenses incurred by plaintiff as a result of the injury and disfigurement in question. This award for facial and bodily disfigurement was $250.00 less than the amount theretofore awarded by Deputy Commissioner Dandelake in the opinion and award filed 23 September 1970.

Both the defendants and the plaintiff appealed from the opinion and award of Deputy Commissioner Leake. The appeals were heard by the Commission and the exceptions filed by all the parties were overruled. The Commission thereupon adopted as its own the opinion and award filed by Deputy Commissioner Leake, and the plaintiff appealed to the Court of Appeals, assigning error.

*Basil Whitener and Anne M. Lamm for plaintiff appellant.*

*Mullen, Holland & Harrell by James Mullen for defendant appellees.*

MALLARD, Chief Judge.

[1, 2]  Plaintiff contends that the Commission erred in remanding the proceeding for further hearing in its orders filed 16 December 1970 and 22 December 1970. This contention is without merit. The plaintiff did not except to these orders of remand until after Deputy Commissioner Leake had, in effect, ruled against her by reducing the amount of the award. This exception was therefore not timely made. Moreover, at the hearing before Deputy Commissioner Leake, the plaintiff stipulated that the only questions to be determined at that hearing were the amounts of compensation plaintiff was entitled to receive for disfigurement and for permanent partial disability. If under G.S. 97-85 the action of the Commission in remanding the matter was irregular, such irregularity was waived by the plaintiff when she thus stipulated.

[3]  The next contention of the plaintiff is that the Commission erred in adopting as its own the award and opinion of Deputy Commissioner Leake. This contention is without merit. Whether the evidence supported the findings of fact was a proper matter for the Commission to consider. There was competent evidence before the Commission to support its findings of fact, and the facts found justify the conclusions of the Commission and also support the award made. *Perry v. Bakeries*

*Co.,* 262 N.C. 272, 136 S.E. 2d 643 (1964) and *Snead v. Mills, Inc.,* 8 N.C. App. 447, 174 S.E. 2d 699 (1970), *cert. denied,* 277 N.C. 112.

[4] Plaintiff does contend, however, and we agree, that the Commission erred in its "Opinion and Award" filed 16 December 1970 by taxing to the plaintiff one-half of the costs of that appeal to the Commission. From the record it appears that both parties appealed to the Full Commission, and although plaintiff's "Application for Review" is dated prior to the defendants' "Application for Review," plaintiff ultimately prevailed against the defendants and costs follow the final judgment. 2 Strong, N. C. Index 2d, Costs, § 1.

[5] Plaintiff, while this case was pending in the Court of Appeals, filed a written motion pursuant to G.S. 97-88 and requests this court to award reasonable attorney fees. G.S. 97-88 reads:

> *"Expenses of appeals brought by insurers.*—If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs."

In the case before us, both parties appealed to the Commission from the two hearings conducted by the deputy commissioners, but only the plaintiff appealed to this court from the opinion and award of the Commission filed 21 February 1972. It is noted that the Commission in this opinion and award did award costs and counsel fees for plaintiff's counsel as follows:

> "Defendants shall pay all costs incurred, which shall include an additional counsel fee in the amount of $200.00 to be paid directly to counsel for plaintiff by defendants as part of the costs. * * * "

Inasmuch as the hearing and proceedings in this case in the Court of Appeals "were brought by" the plaintiff, the motion of the plaintiff, under the provisions of G.S. 97-88, that this Court allow additional attorney fees for plaintiff's attorney is denied.

The opinion and award of the Commission filed 16 December 1970 and the modification thereof filed 22 December 1970, in which it is provided that "Each side shall pay its own costs as the same relate to the appeal" are modified so as to require the defendants to pay the costs of the appeal.

The opinion and award of the Commission filed 21 February 1972 is affirmed.

Affirmed.

Judges CAMPBELL and BRITT concur.