WAYNE AUSTIN, EMPLOYEE, PLAINTIFF-APPELLEE v. CONTINENTAL GENERAL TIRE, EMPLOYER, SELF-INSURED, (GALLAGHER BASSETT, SERVICING AGENT), DEFENDANT-APPELLANT   .

No. COA06-1390

(Filed 21 August 2007)

## 1. Workers' Compensation— remand—new hearing

The Industrial Commission's remand of a workers' compensation case to a deputy commissioner for a hearing did not violate a remand from the Supreme Court which ordered the Commission to conduct "proceedings not inconsistent with this opinion and [the] dissent below." The authority cited by defendant for the proposition that the Commission was prohibited from conducting an evidentiary hearing on remand was based on language which was dicta and which did not address the Commission's authority to conduct such a hearing.

## 2. Workers' Compensation— remand—disability—not an issue in first hearing

Plaintiff's disability was not a contested issue in a prior Industrial Commission hearing, and the Commission was not barred from taking new evidence on remand. Even if the Commission had addressed the issue at the first hearing, defendant cites no authority for the proposition that the Commission would have been barred from reconsideration of the issue.

## 3. Workers' Compensation— remand—new evidence

The Industrial Commission was not barred from taking new evidence following remand; defendant cited no authority for the propositions that the Commission's authority was limited to newly discovered evidence, that plaintiff's failure to present disability evidence at the first hearing bars him from doing so on remand, or that the Commission's authority to take new evidence is limited to those issues on which plaintiff presented evidence.

## 4. Workers' Compensation— remand—res judicata

Plaintiff did not show prejudice (assuming error) from an Industrial Commission finding on remand that the findings from the first hearing were res judicata.

**5. Workers' Compensation— disability—retirement before claim filed**

The Industrial Commission did not err by awarding plaintiff disability benefits where defendant argued that plaintiff had retired voluntarily and not due to pulmonary problems. Defendant cited no authority for the proposition that a claimant cannot recover for an occupational disease if he voluntarily retired before filing a claim, and long-established precedent is to the contrary.

Appeal by defendant from Opinion and Award entered 30 May 2006 by the North Carolina Industrial Commission. Heard in the Court of Appeals 9 May 2007.

*Wallace & Graham, PA, by Mona L. Wallace, Cathy Williams, and Edward Pauley, for plaintiff-appellee.*

*Hedrick Eatman Gardner & Kincheloe, L.L.P., by J. A. Gardner, for defendant-appellant.*

ELMORE, Judge.

Continental General Tire (defendant) appeals a 30 May 2006 Opinion and Award by the Full Commission of the North Carolina Industrial Commission (Full Commission), which awarded workers' compensation benefits to Wayne Austin (plaintiff). We affirm.

Plaintiff "was employed by defendant for over twenty years, during which time the record shows he was repeatedly exposed to asbestos dust and fibers. . . . Plaintiff retired on 1 June 1987 for reasons unrelated to asbestos exposure." *Austin v. Continental Gen. Tire,* 141 N.C. App. 397, 399-00, 540 S.E.2d 824, 826 (2000), *rev'd on other grounds,* 354 N.C. 344, 553 S.E.2d 680 (2001) (*Austin I*).

In 1989, plaintiff filed a Form 18 notice of accident, seeking workers' compensation benefits for asbestosis; in 1995 he filed a Form 33 request for hearing. Defendant denied liability, and a hearing was conducted before a Deputy Commissioner in May, 1996. In July, 1998 the Deputy Commissioner entered an Opinion and Award

making thorough and extensive findings of fact and concluding that plaintiff had contracted asbestosis, entitling him to 104 weeks of compensation pursuant to N.C. Gen. Stat. § 97-61.5(b) (1991) at the rate of $30.00 per week. Plaintiff appealed to the Commission, which . . . determined that plaintiff suffered

from asbestosis and was entitled to 104 weeks of compensation pursuant to N.C.G.S. § 97-61.5(b), but at the rate of $308.00 per week . . . .

*Austin I* at 402, 540 S.E.2d at 828.

Defendant appealed, and in *Austin I* this Court affirmed the Full Commission. *Austin I* at 414, 540 S.E.2d at 834. Judge Greene dissented on the basis that "because plaintiff was not employed by defendant at the time of his diagnosis and, therefore, was not 'removed' from his employment pursuant to section 97-61.5(b), section 97-64 provides plaintiff's sole remedy for his alleged asbestos-related disorder." *Id.* at 416, 540 S.E.2d at 836 (Greene, J., dissenting). The North Carolina Supreme Court reversed in a *per curiam* opinion stating that:

> For the reasons stated in the dissenting opinion by Judge Greene, we reverse the decision of the Court of Appeals and remand this case to that court for further remand to the North Carolina Industrial Commission for proceedings not inconsistent with this opinion and Judge Greene's dissent below.

*Austin v. Continental Gen. Tire*, 354 N.C. 344, 553 S.E.2d 680 (2001) (*Austin II*).

On remand, the Full Commission remanded to the Deputy Commissioner for an evidentiary hearing to determine plaintiff's eligibility for workers' compensation benefits under N.C. Gen. Stat. § 97-64. Defendants objected, arguing that it would be more appropriate to convene a panel of the Full Commission to determine plaintiff's disability based on only the existing record. Following a hearing in June, 2004, the Deputy Commissioner issued an Opinion and Award on 16 December 2004, from which defendant appealed. The Full Commission vacated the Opinion and Award of the Deputy Commissioner and issued its own Opinion and Award on 30 May 2006. The Full Commission found that plaintiff was diagnosed with asbestosis in 1994, and had been totally disabled by February 1998. The Full Commission awarded "permanent total disability benefits to plaintiff at the rate of $308.00 per week beginning February 2, 1998 and continuing throughout plaintiff's lifetime." The Full Commission also ordered defendant to pay for all medical expenses arising from plaintiff's asbestosis. From this Opinion and Award, defendant appeals.

The Commission has exclusive original jurisdiction over workers' compensation cases and has the duty to hear evidence and file its

award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at · issue. Appellate review of an award from the Industrial Commission is generally limited to two issues: (i) whether the findings of fact are supported by competent evidence, and (ii) whether the conclusions of law are justified by the findings of fact.

*Chambers v. Transit Mgmt.,* 360 N.C. 609, 611, 636 S.E.2d 553, 555 (2006) (citations and quotations omitted). "The Commission's findings of fact are conclusive on appeal if supported by competent evidence, notwithstanding evidence that might support a contrary finding. Further, the Commission is the sole judge regarding the credibility of witnesses and the strength of evidence." *Hobbs v. Clean Control Corp.,* 154 N.C. App. 433, 435, 571 S.E.2d 860, 862 (2002) (citations omitted). "The Commission's findings of fact may only be set aside when 'there is a complete lack of competent evidence to support them.' " *Evans v. Wilora Lake Healthcare/Hilltopper Holding Co.,* 180 N.C. App. 337, 339, 637 S.E.2d 194, 195 (2006) (quoting *Click v. Freight Carriers,* 300 N.C. 164, 166, 265 S.E.2d 389, 390 (1980)). "However, the Commission's conclusions of law are reviewable *de novo* by this Court." *Hawley v. Wayne Dale Constr.,* 146 N.C. App. 423, 427, 552 S.E.2d 269, 272 (2001) (citations omitted).

[1] Defendant argues first that the Full Commission's Opinion and Award must be reversed because the Industrial Commission failed to comply with the order of remand from the North Carolina Supreme Court. Defendant asserts that the Full Commission's remand to a Deputy Commissioner for a hearing on the issue of plaintiff's disability violated the remand order from the North Carolina Supreme Court. We disagree.

Defendant's assertion, that the mandate of the North Carolina Supreme Court prohibited the Full Commission from conducting an evidentiary hearing on remand, is based on the following language from *Crump v. Independence Nissan:*

Following an appeal to this Court if the case is remanded to the Commission, the full Commission must strictly follow this Court's mandate without variation or departure. Ordinarily upon remand the full Commission can comply with this Court's mandate without the need of an additional hearing, but upon the rare occasion that this Court requires an additional hearing upon remand the full Commission must conduct the hearing without further remand to a deputy commissioner.

112 N.C. App. 587, 590, 436 S.E.2d 589, 592 (1993). We conclude that *Crump* is not, as asserted by defendant, "a mandatory directive that no further evidence or hearing is to be conducted unless the appellate court reviewing the matter on rare occasion orders the same." The above quoted language does not address the authority of the Full Commission to conduct an evidentiary hearing upon remand. Rather, it specifies that when this Court orders a hearing, such hearing shall be conducted by the Full Commission rather than being remanded to a Deputy Commissioner. Further, this language is *dicta*; the issue raised by the appellant in *Crump* was whether the Full Commission erred by adopting the Deputy Commissioner's Opinion and Award as its own. *Id.* at 588-89, 436 S.E.2d at 592-93. The appeal in *Crump* did not present any issue of the proper procedure to be followed by the Industrial Commission upon remand from an appellate court.

In the instant case, the North Carolina Supreme Court simply ordered the Commission to conduct "proceedings not inconsistent with this opinion and Judge Greene's dissent below." *Austin II* at 345, 553 S.E.2d at 680. As the sole basis for the dissent was that plaintiff was required to seek workers' compensation benefits under N.C. Gen. Stat. § 97-64 rather than N.C. Gen. Stat. § 97-61.5, the Commission's remand for determination of plaintiff's entitlement to benefits under § 97-64 was consistent with the Court's opinion and the dissent. This assignment of error is overruled.

[2] Defendant also argues that as a matter of law the Full Commission was barred from taking new evidence, on the grounds that the issue of plaintiff's disability was an issue in the first hearing. The issue at the first hearing was plaintiff's entitlement to benefits under N.C. Gen. Stat. § 97-61.1 through 61.7. Under these statutes, "a diagnosis of asbestosis, for purposes of determining eligibility to receive benefits, is the equivalent of a finding of actual disability." *Roberts v. Southeastern Magnesia and Asbestos Co.*, 61 N.C. App. 706, 710, 301 S.E.2d 742, 744 (1983). Accordingly, the issue of plaintiff's disability was not a contested issue at the first hearing, and no evidence was presented on the subject. However, on remand the Commission was directed to determine whether plaintiff was entitled to benefits under N.C. Gen. Stat. § 97-64, which provides that "in case of disablement or death from silicosis and/or asbestosis, compensation shall be payable in accordance with the provisions of the North Carolina Workers' Compensation Act." N.C. Gen. Stat. § 97-64 (2005). Thus, plaintiff's disability was clearly at issue on remand. Moreover, recent opinions of this Court addressing this situation clearly contemplate an eviden-

tiary hearing on remand. *See, e.g., Abernathy v. Sandoz Chems./ Clariant Corp.*, 151 N.C. App. 252, 257, 565 S.E.2d 218, 221 (2002) ("[T]hough plaintiff does not qualify for compensation pursuant to G.S. § 97-61.5, he is nevertheless entitled to pursue a claim for compensation pursuant to G.S. § 97-64. That statute provides . . . 'in case of disablement . . . from . . . asbestosis, compensation shall be payable in accordance with the provisions of the North Carolina Workers' Compensation Act.' . . . *If, on remand, plaintiff establishes his disablement from asbestosis*, and his entitlement to compensation pursuant to G.S. § 97-64, the Commission must determine his average weekly wage.") (Emphasis added). Moreover, even if the Commission *had* addressed plaintiff's disability at the first hearing, defendant cites no authority for the proposition that the Full Commission would have been barred from reconsideration of the issue. This assignment of error is overruled.

**[3]** Defendant argues next that the Commission erred by taking new evidence following remand because the evidence regarding plaintiff's disability "was available at the time of the first hearing . . . ." Defendant contends that new evidence "would have to constitute newly discovered evidence under [N.C. Gen. Stat. § 1A-1,] Rule 60(b)(2)." We disagree.

First, defendant cites no pertinent authority for the propetition that the Commission's authority to take additional evidence regarding the issue of plaintiff's disability is limited by the strictures of Rule 60. Defendant also contends that plaintiff's disability was "at issue" in the first hearing, requiring plaintiff to present his evidence of disability at that time. In fact, the issue of disability was not litigated at the first hearing because disability evidence is not required under N.C. Gen. Stat. § 97-61.5. N.C. Gen. Stat. § 97-61.5 (2005). Moreover, in *Austin II*, the North Carolina Supreme Court held for the first time that this statute was not available to claimants who were retired at the time the claim was filed, and that plaintiff would have to file for benefits under a different statute, N.C. Gen. Stat. § 97-64. *Austin II* at 345, 553 S.E.2d 680 (adopting the reasoning stated in *Austin I* at 416, 553 S.E.2d at 836 (Greene, J., dissenting)).

Defendant cites no authority supporting its position that plaintiff's failure to present disability evidence at the first hearing bars him from doing so now. Indeed, *Hall v. Chevrolet Co.* cited by defendant, holds to the contrary:

We find convincing the following reasoning of the Connecticut court: '. . . A party to a [workers'] compensation case is not entitled to try his case piecemeal. . . . On the other hand, mere inadvertence on his part, mere negligence, without intentional withholding of evidence, particularly where there is no more than technical prejudice to the adverse party, should not necessarily debar him of his rights, and despite these circumstances a commissioner in the exercise of his discretion might be justified in opening an award.

*Hall v. Chevrolet Co.*, 263 N.C. at 576-77, 139 S.E.2d at 862-63 (1965) (quoting *Kearns v. City of Torrington*, 119 Conn. 522, 529-30, 177 Atl. 725, 728 (1935)).

Nor does defendant cite any pertinent authority holding that the Commission's authority to take new evidence is limited to those issues on which plaintiff presented evidence. In *Trivette v. Mid-South Mgmt., Inc.*, 141 N.C. App. 151, 541 S.E.2d 523 (2000), the plaintiff appealed from an Opinion and Award, and this Court remanded to the Commission for findings on permanent partial impairment. *Trivette v. Mid-South Mgmt., Inc.*, 154 N.C. App. 140, 141-42, 571 S.E.2d 692, 694 (2002) (citing 141 N.C. App. 151, 541 S.E.2d 523). On remand, the Commission addressed this issue, and also awarded compensation for temporary total disability. *Id.* at 142, 571 S.E.2d at 694. This Court held that in so doing the Commission did not exceed its authority. *Id.* at 143, 571 S.E.2d at 695. In *Joyner v. Rocky Mount Mills*, the Commission dismissed a plaintiff's claim for future medical expenses because it determined that the claim "had not been preserved according to the Commission's rules." 92 N.C. App. 478, 481, 374 S.E.2d 610, 612 (1988). The sole question before this Court was whether the Commission had erred by dismissing that claim. *Id.* at 480, 374 S.E.2d at 612. We reversed because

Plaintiff's claim . . . embodied a claim for future medical expenses. When the matter was 'appealed' to the full Commission by defendants it was the duty and responsibility of the full Commission to decide all of the matters in controversy between the parties. . . . The Commission may not use its own rules to deprive a plaintiff of the right to have his case fully determined. Thus, the Commission's statement . . . that 'the issue of payment of future medical expenses is not properly preserved' will not support the order [dismissing plaintiff's motion].

*Id.* at 482, 571 S.E.2d at 613. Thus, even assuming, *arguendo*, that , disability was raised by plaintiff's initial claim, the fact that it wasn't litigated at the first hearing did not preclude plaintiff's presenting evidence on the issue on remand. This assignment of error is overruled.

**[4]** Defendant argues next that the Full Commission erred by finding that the findings of fact from the first hearing were *res judicata* in the second one. Assuming, *arguendo*, that the Full Commission erred in this regard, we conclude that defendant has failed to show prejudice.

In its Opinion and Award the Full Commission stated that:

The Findings of Fact of the Full Commission Opinion and Award filed December 18, 1998, as approved by the North Carolina Court of Appeals and Supreme Court, are *res judicata* and if not specifically addressed herein, are incorporated by reference.

Defendant has failed to identify any specific findings from the first hearing that it contends: (1) were unsupported by the evidence; or (2) were contradicted by evidence taken at the second hearing. Nor has defendant asserted any way in which the Full Commission's incorporation of its findings from the first hearing hindered defendant's ability to defend this action. This assignment of error is overruled.

**[5]** Defendant argues next that the Full Commission erred by awarding plaintiff benefits, on the grounds that plaintiff "retired voluntarily" and not due to pulmonary problems. We disagree.

Defendant cites no authority for the proposition that a claimant cannot recover for an occupational disease if he has voluntarily retired prior to filing a claim, and long-established precedent to the contrary clearly establishes that a claimant is not barred from receiving workers' compensation benefits for an occupational disease solely because he or she was retired. *See, e.g., Heffner v. Cone Mills Corp.*, 83 N.C. App. 84, 88, 349 S.E.2d 70, 74 (1986) ("[T]he Commission may not deny disability benefits because the claimant retired where there is evidence of diminished earning capacity caused by an occupational disease."). In *Heffner*, the Commission denied the plaintiff's claim for disability compensation, and in doing so "apparently placed great reliance on its conclusion . . . that the plaintiff's lack of earnings was due to his desire to retire and the closing of the plant where he was working. In doing so, we believe the Commission acted under a misapprehension of the law." *Id.*

The *Heffner* rule is consistent with G.S. § 97-29, the statute through which claimants are awarded benefits for total disability, in that the section provides that compensation is to be paid 'during the lifetime of the injured employee,' and payments are not terminated when a claimant reaches an age at which he or she would have retired if able to work.

*Stroud v. Caswell Center*, 124 N.C. App. 653, 656, 478 S.E.2d 234, 236 (1996). This assignment of error is overruled.

We have considered defendant's remaining arguments, and conclude that they are without merit.

For the reasons discussed above, we conclude that the Commission did not err and that its Opinion and Award should be

Affirmed.

Judges McGEE and JACKSON concur.