GILBERT SILVA, Employee, Plaintiff v. LOWE'S HOME IMPROVEMENT, Employer,
SPECIALTY RISK SERVICES, Carrier, Defendants

No. COA08-943

(Filed 19 May 2009)

## 1. Workers' Compensation— additional evidence—continuing disability compensation

The full Industrial Commission did not abuse its discretion in a workers' compensation case by remanding the case to the deputy commissioner for the taking of additional evidence concerning the issue of plaintiff's continuing disability compensation because: (1) although N.C.G.S. § 97-85 has ordinarily been applied to cases before the full Commission on appeal from the opinion and award of a deputy commissioner, the full Commission has plenary power to receive additional evidence and may do so in its sound discretion; (2) defendants waived this issue by failing to object to the Commission's remand to the deputy commissioner for the taking of additional evidence and also stipulating to the witnesses who could be deposed by both parties as well as the evidence which would be admissible; and (3) the full Commission specifically found that plaintiff had shown good ground to receive further evidence and, in its discretion, determined that further evidentiary hearings were necessary in order to make proper findings of fact upon the crucial issue of disability.

## 2. Workers' Compensation— disability—credibility

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff has shown disability through the production of evidence that he is physically incapable, as a consequence of a work-related injury, of work in any employment, because: (1) the testimony of a physician who treated plaintiff over approximately six years revealed that he was aware of the treatment plaintiff received from other doctors and the progression of plaintiff's chest pain and physical problems over time; and (2) although the record does contain some evidence to the contrary, the Commission is the sole judge of the credibility of witnesses and the weight to be given their testimony.

SILVA v. LOWE'S HOME IMPROVEMENT

[197 N.C. App. 142 (2009)]

**3. Appeal and Error— preservation of issues—failure to cross-assign error**

The Industrial Commission did not err in a workers' compensation case by failing to award attorney fees under N.C.G.S. §§ 97-88 and 97-88.1 because: (1) plaintiff failed to cross-assign error to conclusion of law 7, and thus has not properly preserved this issue for appellate review; and (2) this case does not require the Court of Appeals to invoke N.C. R. App. P. 2 to prevent manifest injustice.

Appeal by defendant-employer and defendant-carrier from judgment entered 14 April 2008 by the Full Industrial Commission. Heard in the Court of Appeals 9 March 2009.

*The Kilbride Law Firm, PLLC, by Terry M. Kilbride, for plaintiff-employee.*

*Moore & Van Allen, PLLC, by Anthony T. Lathrop, Michael T. Champion, and M. Cabell Clay for employer-appellant and carrier-appellant.*

MARTIN, Chief Judge.

Defendant-employer Lowe's Home Improvement ("defendant-employer") and defendant-carrier Specialty Risk Services ("defendant-carrier") (collectively "defendants") appeal from the Opinion and Award of the North Carolina Industrial Commission ("Commission") awarding plaintiff-employee Gilbert Silva ("plaintiff") temporary total disability and medical expenses. We affirm.

The facts underlying the present appeal are set out in *Silva v. Lowe's Home Improvement*, 176 N.C. App. 229, 625 S.E.2d 613 (2006). In pertinent part, that case addressed the Commission's findings regarding the circumstances of defendant-employer's termination of plaintiff. Plaintiff worked for defendant-employer in the plumbing department, where, prior to his termination, plaintiff had experienced two accident-related injuries. After seeing a doctor for treatment, plaintiff was released to return to work with restrictions. Plaintiff's physician instructed him not to lift over twenty-five pounds continuously, or over forty pounds on occasion. Subsequently, plaintiff met with his supervisor to discuss various work duties which plaintiff found difficult to perform due to his restrictions. During the meeting a heated exchange took place and

plaintiff was later terminated by telephone. Thereafter, plaintiff requested a hearing before the Commission alleging entitlement to continuing disability compensation.

After a hearing, the deputy commissioner entered an opinion and award concluding that plaintiff was terminated for insubordination for which a non-disabled employee would have been terminated. Plaintiff appealed to the Full Commission, which entered an Opinion and Award reversing the deputy commissioner and awarding plaintiff ongoing total disability compensation until plaintiff returned to work, as well as all medical expenses incurred as a result of plaintiff's injury. Upon appeal by defendants, this Court held that record evidence supported the Commission's findings that plaintiff's termination was directly related to his light-duty work restrictions and defendants failed to show plaintiff was terminated for misconduct for which a non-disabled employee would have been terminated. However, we also held that the Commission "failed to make specific findings of fact as to the crucial questions necessary to support a conclusion as to whether plaintiff had suffered any disability as defined by G.S. § 97-2(9)." *Id.* at 236, 625 S.E.2d at 620 (quoting *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 596, 290 S.E.2d 682, 684 (1982)). Accordingly, we remanded to the Commission for proper findings on this issue in accordance with *Lawton v. County of Durham*, 85 N.C. App. 589, 592, 355 S.E.2d 158, 160 (1987) (holding that where the findings are insufficient to enable the reviewing court to determine the rights of the parties, the case must be remanded to the Commission for proper findings of fact).

On remand the Full Commission remanded the proceedings to the deputy commissioner "for the taking of additional evidence and additional hearing, if necessary, and the entry of an Opinion and Award regarding the issue of continuing disability compensation as directed herein." On 5 December 2006, the parties entered into a pretrial agreement, stipulating to the admission of certain evidence and the deposition testimony of certain witnesses. On 21 February 2007, the Full Commission filed an amended order remanding the case to the deputy commissioner "for the taking of additional evidence and ordering the preparation of a transcript for submission to the Full Commission," specifically stating, "[t]his case remains under jurisdiction of this Full Commission panel for decision and entry of an Opinion and Award. Subsequently, an evidentiary hearing was conducted by the deputy commissioner, where plaintiff was allowed to testify and evidence of plaintiff's search for employment was admit-

ted. Afterwards, additional depositions were taken and admitted into evidence by the deputy commissioner.

On 24 April 2008, the Full Commission filed an Opinion and Award on Remand awarding plaintiff temporary total disability and medical expenses. The Full Commission's Opinion and Award specifically stated, "[t]he appealing party has shown good ground to receive further evidence or to amend the holding of the Deputy Commissioner's Opinion and Award," referring to the 2003 opinion and award of Deputy Commissioner Phillips. *See Silva*, 176 N.C. App. at 231, 625 S.E.2d at 617. The Full Commission's Opinion and Award also contained, inter alia, the following findings of fact:

9. The plaintiff testified at the hearing before the Deputy Commissioner that he has been unemployed since the date of his termination with the defendant-employer. The plaintiff testified that he has made extensive efforts to find other employment within his restrictions by answering newspaper job ads, using Internet job placement websites, and has sending [sic] his resume to prospective employers. Though plaintiff testified that he has applied for over 300 positions, the Full Commission finds that there is insufficient documentary evidence of record, beyond plaintiff's own testimony, to show that plaintiff has made a reasonable job search.

10. Donald Woodburn, M.D., has served as the plaintiff's primary care physician since 2001, and continues to treat the plaintiff for "non-cardiac" chest pain. Dr. Woodburn testified at deposition that the plaintiff's chest pain is typical of or mimics those [sic] of a heart attack, though work-ups by a cardiologist have concluded that plaintiff's pain is not related to a cardiological problem. Dr. Woodburn testified that the plaintiff suffers from significant restrictions in the use of his left arm and "cannot do anything overhead because it stresses the rib cage and increases his pain." Based on the plaintiff's ongoing chest pain, Dr. Woodburn was of the opinion, and the Full Commission finds as fact, that the plaintiff is not capable of gainful employment.

11. Clifford Wheeless, M.D., a board certified orthopedic specialist also provided deposition testimony in this matter. Dr. Wheeless has diagnosed plaintiff with an atypical form of costochondritis caused by the trauma to plaintiff's chest and ribs as a consequence of the work-related accident on May 26, 2001. Dr. Wheeless characterized the plaintiff's costochondritis as an "in-

sufficiency fracture" that is akin to a stress fracture with accompanying cartilage injury where the ribs meet the sternum. Dr. Wheeless stated that such fractures tend not to heal normally, restricting one's ability to perform lifting activities and becoming a "major nuisance" with symptoms that mimic a myocardial infarction, or heart attack. Although Dr. Wheeless would not say that plaintiff is incapable of gainful employment, he testified that plaintiff should have lifting restrictions and should not drive more than one hour a day because of various pain medications and analgesics prescribed to the plaintiff to relieve his ongoing pain.

12. The defendants have employed two vocational rehabilitation specialists in this matter, Dwanda Scott and Stephanie Yost, both of whom testified in this matter. Ms. Scott was of the opinion that the plaintiff is capable of some employment; however, the Full Commission gives little weight to her opinion testimony because Ms. Scott never met with plaintiff and merely prepared an assessment based on information provided to her by the defendants. Stephanie Yost, who did meet with plaintiff, was also of the opinion that the plaintiff is capable of some employment. However, a review of her testimony shows that she was not aware of the extent of the plaintiff's physical restrictions or that the plaintiff is limited to driving only one hour per day.

13. Based on the totality of the evidence of record, and giving greatest weight to the plaintiff's treating physician, Dr. Woodburn, the Full Commission finds that the plaintiff has shown through medical evidence, in particular the testimony of Dr. Woodburn, that he is physically incapable of work in any employment as a consequence of the May 26, 2001 injury by accident.

14. As a result of his May 26, 2001 injury by accident, the plaintiff has been unable to earn any wages in any employment for the period of April 16, 2002, through the date of hearing before the Deputy Commissioner and continuing.

15. There is insufficient evidence upon which to find that the defendants' actions in defense of this case were based upon stubborn, unfounded litigiousness.

Based upon the stipulations of the parties as well as its own findings of fact, the Full Commission made the following conclusions of law:

1. The plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer on May 26, 2001. N.C. Gen. Stat. § 97-2(6).

2. Based upon the credible evidence of record, the defendants have failed to prove that the plaintiff's termination was for misconduct or fault for which a non-disabled employee would also have been terminated. *Seagraves v. Austin Company of Greensboro*, 123 N.C. App. 228, 472 S.E.2d 397 (1996). Accordingly, the plaintiff did not constructively refuse suitable work. *Id.*; and N.C. Gen. Stat. § 97-32.

3. In order to award compensation to a claimant, the Commission must find that the claimant has shown disability. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982). A claimant may meet this burden of proof through the "production of evidence that he is physically incapable, as a consequence of the work related injury, of work in any employment." *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 425 S.E.2d 454 (1993). In the present case, the plaintiff has shown through medical evidence, in particular the testimony of Dr. Woodburn, that he is physically incapable of work in any employment as a consequence of the May 26, 2001 injury by accident. *Id.*

4. As the result of his May 26, 2001 injury by accident, the plaintiff is entitled to receive temporary total disability compensation at the weekly rate of $459.14 for the period of April 16, 2002 through the date of hearing before the Deputy Commissioner and continuing until such time as he returns to work, or further Order of the Industrial Commission. N.C. Gen. Stat. § 97-29.

5. As the result of his May 26, 2001 injury by accident, the plaintiff has sustained a fifteen percent (15%) permanent partial impairment rating to his left arm. N.C. Gen. Stat. § 97-31(24).

6. As the result of his May 26, 2001 injury by accident, the plaintiff is entitled to have the defendants pay for all related medical expenses incurred or to be incurred, as reasonably required to effect a cure, give relief, or lessen the period of disability. N.C. Gen. Stat. § 97-2(19); 97-25; and 97-25.1. In addition, the defendants have the option to provide vocational rehabilitation to the plaintiff. *Id.*

7. Because there is insufficient evidence upon which to find that the defendants' actions in, and defense of, this case were based

upon stubborn, unfounded litigiousness, the plaintiff is not entitled to sanctions or attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.

From this Opinion and Award, defendants now appeal, arguing that: (1) the Commission exceeded the scope of its authority under statute and upon the express order of this Court by remanding this case to the deputy commissioner for further findings of fact; and (2) the Commission's findings of fact regarding plaintiff's disability are not supported by competent evidence and in turn do not justify the Commission's conclusions of law.

The Workers' Compensation Act ("the Act") is to be liberally construed to achieve its purpose, namely, to provide compensation to employees injured during the course and within the scope of their employment. *Lynch v. M.B. Kahn Constr. Co.*, 41 N.C. App. 127, 130, 254 S.E.2d 236, 238, *disc. review denied*, 298 N.C. 298, 259 S.E.2d 914 (1979). On appeal, we review decisions from the Industrial Commission to determine whether any competent evidence supports the findings of fact and whether the findings of fact support the conclusions of law. *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004). "The findings of fact by the Industrial Commission are conclusive if supported by any competent evidence." *See Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999) (citing *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977)). This is true "even though there be evidence that would support findings to the contrary." *Jones v. Myrtle Desk Co.*, 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965). "The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Lanning v. Fieldcrest-Cannon, Inc.*, 352 N.C. 98, 106, 530 S.E.2d 54, 60 (2000). However, this Court "does not have the right to weigh the evidence and decide the issue on the basis of its weight." *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965). Instead, our duty goes no further than to determine whether the record contains any evidence tending to support the Commission's findings. *See id.* In turn, we review the Commission's legal conclusions to determine whether they are justified by those findings. *See Aaron v. New Fortis Homes, Inc.*, 127 N.C. App. 711, 714, 493 S.E.2d 305, 306 (1997).

[1] Defendants first assign error to the Full Commission's remand of this case to the deputy commissioner for the taking of additional evi-

dence concerning the issue of plaintiff's continuing disability compensation, arguing that, by doing so, the Full Commission exceeded the proper scope of this Court's remand. As part of this argument, defendants contend that, because our opinion in *Silva*, 176 N.C. App. 229, 625 S.E.2d 613, did not "expressly or implicitly mandate" the taking of new evidence, the Full Commission has failed to "strictly follow this Court's mandate without variation or departure," under *Crump v. Independence Nissan*, 112 N.C. App. 587, 590, 436 S.E.2d 589, 592 (1993). Defendants further argue that, "in order for the Industrial Commission, in its own discretion, to direct the taking of additional evidence, a 'proper showing' must be made," under *Bailey v. N.C. Dep't of Mental Health*, 2 N.C. App. 645, 648, 163 S.E.2d 652, 654 (1968), and that "[a] showing of newly discovered evidence is required," under *Bailey v. N.C. Dep't. of Mental Health*, 272 N.C. 680, 685, 159 S.E.2d 28, 32 (1968). We disagree.

The Full Commission may receive additional evidence on appeal

[i]f application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award[.]

N.C. Gen. Stat. § 97-85 (2007). Although N.C.G.S. § 97-85 has ordinarily been applied to cases before the Full Commission on appeal from the opinion and award of a deputy commissioner, we have held that the Full Commission has plenary power to receive additional evidence, and may do so at its sound discretion. *See Keel v. H & V Inc.*, 107 N.C. App. 536, 542, 421 S.E.2d 362, 366 (1992). Furthermore, "[w]hether such good ground [to receive further evidence] has been shown is discretionary and 'will not be reviewed on appeal absent a showing of manifest abuse of discretion.' " *Id.* at 542, 421 S.E.2d at 367 (quoting *Lynch*, 41 N.C. App. at 131, 254 S.E.2d at 238). The Full Commission, when reviewing an award by a deputy commissioner, may receive additional evidence, even if it was not newly discovered evidence. *Id.* Finally, the Commission may waive its own rules in the interest of justice. Workers' Comp. R. of N.C. Indus. Comm'n 801, 2000 Ann. R. (N.C.).

We first note that, upon the Commission's remand to the deputy commissioner for the taking of additional evidence, defendants failed to make any objection. Furthermore, the record on appeal reveals

that, in the pre-trial agreement entered into prior to the evidentiary hearing, defendants stipulated to the following:

1. All parties are properly before the undersigned Deputy Commissioner and that the Industrial Commission has jurisdiction over the parties and of the subject matter.

. . . .

9. The names and addresses of the witnesses which employee may call to testify at the hearing are as follows:

(a) Gilbert Silva

(b) Any witness identified by the defendants

(c) Clifford Wheeless, M.D.

(d) Raymond Blackburn, M.D.

(e) Cardiologist, M.D.

10. The names and addresses of the witnesses which employer/carrier may call to testify at the hearing are as follows:

(a) Gilbert Silva

(b) Dwanda Scott

(c) Steven Thacker

(d) Treating physicians

(e) Any witness identified by plaintiff

11. The parties have furnished each other with copies of all exhibits and stipulate to the admission of the following:

(a) Plaintiff's medical records

(b) Plaintiff's job search records dated September 28, 2006 thru [sic] November 11, 2006;

(c) Any document offered into evidence or identified by the opposing party or counsel.

. . . .

13. The parties further stipulate and agree that the record remain open for a period of 60 days following the hearing of this matter to allow for the taking of deposition testimony of the medical and/or expert witnesses.

14. The parties reserve the right to supplement this agreement in the future and to offer additional evidence or witnesses in re-

sponse to evidence or witnesses presented at the hearing of this matter.

This pre-trial agreement was signed by counsel for both parties. Accordingly, defendants not only failed to object to the taking of additional evidence as ordered by the Full Commission; they also stipulated to the witnesses who could be deposed by both parties as well' as the evidence which would be admissible. By so doing, defendants effectively waived their right to object to the taking of new evidence in exchange for, inter alia, the stipulations listed above. Defendants did not except to the Commission's order of remand until after the Commission had, in effect, ruled against defendants, and their exception, therefore, was not timely. *Grigg v. Pharr Yarns, Inc.*, 15 N.C. App. 497, 499, 190 S.E.2d 285, 286 (1972). Even assuming, under N.C.G.S. § 97-85, the action of the Commission in remanding the matter was irregular, defendants waived any irregularity. *Id.*

As to defendants' argument regarding the scope of the Commission's authority on remand, we have, since our ruling in *Crump*, clearly stated that the language cited by defendants is dicta. *See Austin v. Cont'l Gen. Tire*, 185 N.C. App. 488, 492, 648 S.E.2d 570, 573, *writ of supersedeas and disc. review denied*, 367 N.C. 690, 652 S.E.2d 255 (2007). In *Austin*, our Supreme Court remanded to the Commission for "proceedings not inconsistent with [the Court's] opinion," and for determination of the plaintiff's entitlement to benefits under N.C.G.S. § 97-64, the statute governing compensation for disablement or death caused by asbestosis, rather than § 97-61.5, which governs compensation upon removal from a hazardous occupation. *Id.* The Commission remanded to the deputy commissioner for an evidentiary hearing on the issue of the plaintiff's disability and, on appeal of the Commission's subsequent Opinion and Award, we held that its actions did not violate the Supreme Court's remand order, that the Commission's authority to take additional evidence on remand was not limited by the strictures of Rule 60(b), and that failure to present evidence of disability at the first hearing did not preclude the plaintiff from presenting such evidence on remand. *See id.* Furthermore, prior to our decision in *Austin*, this Court stated that, "[w]here a case is remanded to the Industrial Commission from an appellate court, the appellate court surrenders jurisdiction and the Industrial Commission acquires jurisdiction for all purposes." *Ratchford v. C.C. Mangum Inc.*, 150 N.C. App. 197, 198, 564 S.E.2d 245, 247 (2002) (citing *Butts v. Montague Bros.*, 208 N.C. 186, 179 S.E. 799 (1935)).

Our prior opinion in this case specifically stated, "We remand for further findings on the threshold issue of whether plaintiff has proved the existence of a disability that would entitle him to compensation under the Act." *Silva*, 176 N.C. App. at 239, 625 S.E.2d at 621. Earlier in the same opinion, we stated,

> Because the Commission's findings of fact are insufficient to enable this Court to determine plaintiff's right to compensation, this matter must be remanded for *proper* findings on this issue. *See Lawton v. County of Durham*, 85 N.C. App. 589, 592, 355 S.E.2d 158, 160 (1987) (holding that where the findings are insufficient to enable the reviewing court to *determine the rights of the parties*, the case must be remanded to the Commission for proper findings of fact).

*Id.* at 237, 625 S.E.2d at 620 (emphasis added).

Thus, upon our remand the Commission had a duty to make findings of fact which were "more than a mere summarization or recitation of the evidence," resolving any conflicting testimony, *Lane v. Am. Nat'l Can Co.*, 181 N.C. App. 527, 531, 640 S.E.2d 732, 735 (2007), *disc. review denied*, 362 N.C. 236, 659 S.E.2d 735 (2008) (citation omitted), regarding "crucial facts upon which the right to compensation depends." *Watts v. Borg Warner Auto., Inc.*, 171 N.C. App. 1, 5, 613 S.E.2d 715, 719, *aff'd*, 360 N.C. 169, 622 S.E.2d 492 (2005) (citation omitted). Here, the Full Commission specifically found that plaintiff had shown good ground to receive further evidence, and, in its discretion, determined that further evidentiary hearings were necessary in order to make *proper* findings of fact upon the crucial issue of disability. Though its methods were irregular, we hold the Commission did not manifestly abuse its discretion in this case. Accordingly, this assignment of error is overruled.

[2] Defendants next assign error to the Commission's conclusion that plaintiff has shown disability through "the production of evidence that he is physically incapable, as a consequence of the work related injury, of work in any employment," under *Russell v. Lowes Prod. Distrib'n*, 108 N.C. App. 762, 425 S.E.2d 454 (1993). Defendants argue that the Commission's findings of fact in support of this conclusion of law are not supported by competent evidence. We disagree.

In order to prove disability under the Act, the employee must show that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment.

*Hilliard*, 305 N.C. at 595, 290 S.E.2d at 683. An employee may meet this burden in one of four ways:

(1) *the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment*;

(2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment;

(3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or

(4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

*Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457 (internal citations omitted) (emphasis added).

Here, the Full Commission found that plaintiff had shown, through medical evidence, and in particular the testimony of Dr. Woodburn, that he is "physically incapable of work in any employment as a consequence of the May 26, 2001 injury by accident." Our review of the record reveals that Dr. Woodburn did testify to this effect during his deposition, describing his treatment of plaintiff over approximately six years, a constant theme of which was varying levels of chest pain. When asked whether, in light of his knowledge of plaintiff's condition, he had an opinion to a reasonable degree of medical probability on the issue, Dr. Woodburn responded that he did not think plaintiff was capable of gainful employment. Defendants argue in their brief that this statement was conclusory and speculative, but our review of Dr. Woodburn's testimony reveals that he was well aware of the treatment plaintiff received from other doctors and the progression of plaintiff's chest pain and physical problems over time.

Although the record does contain some evidence to the contrary, we reiterate that the Commission is the sole judge of the credibility of witnesses and the weight to be given their testimony, and may reject entirely the testimony of a witness if warranted by disbelief of the witness. *Anderson v. N.W. Motor Co.*, 233 N.C. 372, 376, 64 S.E.2d 265, 268 (1951). This Court's duty goes no further than determining whether the record contains any evidence tending to support the Commission's findings of fact. *Lincoln Constr. Co.*, 265 N.C. at 434,

144 S.E.2d at 274. Here, the Commission, in its discretion, assigned more weight to the testimony of Dr. Woodburn in making its findings of fact. Because these findings were supported by competent evidence of record, which in turn justified the Commission's conclusion that plaintiff met his burden of proving disability under *Russell*, this assignment of error is overruled.

[3] Also on appeal, plaintiff argues that the Commission erred in failing to award attorney's fees pursuant to N.C. Gen. Stat. §§ 97-88 and 97-88.1 and that, due to defendants' continued defense of this case without reasonable grounds, this Court should now award plaintiff attorney's fees. We disagree.

We note that plaintiff has failed to cross-assign error to the court's conclusion of law 7 and thus has not properly preserved for appellate review the question of whether plaintiff was entitled to attorney's fees before the Commission. N.C. R. App. P. 10(a) ("[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10."). Although this Court may suspend or vary the requirements or provisions of our Rules of Appellate Procedure pursuant to Rule 2, this case does not present a situation where doing so would "prevent manifest injustice to a party," or benefit "the public interest." N.C. R. App. P. 2. Accordingly, in the exercise of our discretion, we deny plaintiff's request for attorney's fees in relation to this appeal.

Affirmed.

Judges WYNN and ERVIN concur.